Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that the Circuit Court erred in refusing to permit the appellants to introduce the evidence offered by them to the Court, as stated in their first bill of exceptions, for the purpose of rebutting the evidence which the appellee had introduced, as stated in that bill of exceptions, in order to prove that there had been such possession in conformity with the alleged deed from Charles Young to Henry Fisk, of the 13th of January 1791, as warranted the introduction of that paper as evidence to the jury; and that the Circuit Court moreover erred in permitting that paper to go in evidence to the jury, there being no legal proof of its execution, and no sufficient evidence of such possession in conformity therewith.
And the Court is further of opinion, that the Circuit Court did not err in permitting the appellee to give in evidence to the jury the copy of the record from the *117 County Court of Botetourt, in the appellants’ second bill of exceptions mentioned, as proof that partition had been made by the final decree of the said County Court amongst the heirs of Peter Korfman deceased, of the lands in that record mentioned.
And the Court is further of opinion, that a power of attorney for the conveyance of lands falls within both the letter and the spirit of the seventh section of the act regulating conveyances, 1 Rev. Code, ch. 99, p. 363, authorizing deeds to be acknowledged before any two justices of the peace for any county or corporation within the United States; and that such instrument may, upon due certificate by the justices of such acknowledgment by the grantor therein, be admitted to record, together with the deed of conveyance made under the authority thereof, in the proper county or corporation within this Commonwealth. And although the form of the certificate by the justices of such acknowledgment of a deed given in the act, states that the party desired them to certify the acknowledgment to the clerk of the County or Corporation Court of , in order that the same may be recorded; yet, inasmuch as the statute does not require the precise form, but only the effect of the certificate therein stated, to be observed, this, as well as other parts of the statute, ought to be construed according to its spirit, and with a view to the purpose it was intended to accomplish. The object of mentioning the county or corporation in the certificate is not to determine whether the grantor desires that the instrument shall be recorded or not, for that is the privilege not of the grantor but of the grantee, who may exercise it, upon proof by the subscribing witnesses of the sealing and delivery of the deed, without proving by them that the grantor desired it to be recorded. Nor was it the intent of the legislature that the validity of the recordation should depend upon the will of the grantor in regard to the county or corpora *118 tion in which the deed should be admitted to record, for that is a matter which the law itself has determined, by requiring the instrument to be recorded in the county or corporation where the land lies. The only rational purPose mentioning the county or corporation in the certificate, is to designate the county or corporation in which the law requires the deed to be recorded, for wherever that may be, it is idle to suppose that the parties did not intend necessarily, and as a matter of course, that the instrument should be there recorded. And after a deed has been recorded in the proper county, to hold the recordation invalid, because the certificate does not express the grantor’s desire to that effect, would sacrifice the substance for the sake of the shadow, and in all probability shake many land titles within this Commonwealth.
The Court is therefore of opinion that the power of attorney from Jacob Beckner and wife, to Abraham Beckner, in the appellants’ third bill of exceptions mentioned, was duly acknowledged, certified and admitted to record in Botetourt county, as regards the grantor Beckner, but not as regards the female grantor therein, inasmuch as the 15th section of the said act, which confers upon two justices of the peace the power to take, upon privy examination, and certify the acknowledgment by a feme covert of a deed executed by her and her husband, embraces only by its letter and its spirit deeds of conveyance, and not powers of attorney.
And the Court is further of opinion, that the deed of conveyance from the said Abraham Beckner, as attorney in fact of the said Jacob Beckner and wife, to the appellee, also mentioned in the appellants’ third bill of exceptions, is the deed of the said Jacob Beckner, but not of his wife; the same having been duly executed as regards him "by his said attorney in fact, pursuant to the authority conferred by said power of attorney, and duly admitted to record ; but as regards her, having been exe *119 cuted and admitted to record without any lawful authority. There is nothing in the form of the deed, or of its execution by said attorney in fact, to prevent its operating as the deed of the said Jacob Beckner. It is a sufficient execution of a deed by an attorney in fact for his principal, if he signs the name of the principal with a seal annexed, stating it to be done by hitn as attorney for the principal; or if he signs his own name with a seal annexed, stating it to be for the principal: and the present instance embraces both these modes of execution. And though by the terms of this conveyance, Abraham Beckner bargains and sells and warrants the land, yet he does so for, and on the part of, and by the authority of his principal, as conferred by the power of attorney: and this raises a use from the principal to the grantee, which the statute executes by passing the title.
The Court is therefore of opinion, that the Circuit Court did not err in permitting said power of attorney and said deed to the appellee, to go to the jury; the same being proper and lawful evidence for the purpose of proving that whatever title or interest the said Jacob Beckner may have had in the subject, passed by conveyance from him to the appellee.
And the Court is further of opinion, that the Circuit Court erred in refusing to permit the appellants to give in evidence to the jury the entries, order of the County Court, and inclusive survey, in their fourth bill of exceptions mentioned, upon which the patent therein mentioned, to Nicholas Carper, under whom the appellants claim, is founded; for although there can be no adversary possession against the Commonwealth, and therefore a junior patentee cannot go behind the elder patent for the purpose of giving colour to his possession prior thereto, yet there may be an adversary possession against one who has derived title from the Commonwealth, and therefore a junior patentee may go behind his own pateut, and also behind the patent of the elder patentee, *120 for the purpose of giving colour to his possession, from: or subsequently to the granting of the elder patent: and he and those claiming under him may do this not only . . . . to establish an adversary possession under his junior patent> w^ich confers itself no legal title, but to establish an adversary possession prior to his junior patent, under the entries and surveys upon which the same is founded, it being immaterial whether an adversary possession under a claim of title, be under a good or a bad, a legal- or an equitable title.
It is therefore considered by the Court that the judgment of the Circuit Court is erroneous.
Judgment reversed with costs, verdict set aside, and cause remanded for new trial, on which the Court is to be governed by the principles above declared.