Smith v. Alexander.

SMITH *et al.*, Appellants, v. ALEXANDER, Respondent.

1. Where a written contract not under seal is executed by an agent, it is not indispensable, in order to bind the principal, that it should be executed in the name and as the act of the principal; it will be sufficient if, upon the whole instrument, it can be gathered, from the terms thereof, that the party describes himself and acts as agent and intends thereby to bind the principal and not to bind himself.

2. The addition to the name signed to a contract of the official character of the person so signing is such an indication of the representative character of such signer as will warrant a resort to parol evidence to prove extrinsic circumstances, such as to whom the consideration passed and credit was given, the agent's authority, &c.—by which the respective liability of the principal and agent may be determined.

*Appeal from St. Louis Court of Common Pleas.*

*Mc Clellan, Moody & Hillyer*, for appellants.

*G. P. Strong*, for respondent.

EWING, Judge, delivered the opinion of the court.

This was an action on the following instrument: "$500. St. Louis, Mo., July 22, 1855. Ninety days after date, I promise to pay to the order of Messrs. Smith & Co., five hundred dollars, for value received, negotiable and payable without defalcation or discount. [Signed] J. H. Alexander, Treas'r Ohio & Miss. R.R. Co."

On the trial, the plaintiff having read the note in evidence, the defendant introduced testimony showing that he was the treasurer of the Ohio and Mississippi Railroad, and tending to prove that the note sued on was given by him in liquidation of an indebtedness due to the plaintiffs from that company, and that defendant received no consideration for the giving of said note. The ruling of the court was excepted to by the plaintiff in admitting this evidence, as also in giving and refusing instructions.

The general rule usually laid down respecting sealed contracts is not applicable in its full extent to written contracts

not under seal. In reference to these, it is said to be clear from the authorities that it is not indispensable, in order to bind the principal, that such a contract should be executed in the name and as the act of the principal. It will be sufficient if upon the whole instrument it can be gathered, from the terms thereof, that the party describes himself and acts as agent and intends thereby to bind the principal and not to bind himself. (Story, Ag. § 160.)

And in reference to corporations, (as to which the tendency of modern decisions, it would seem, is to relax somewhat the strict rules on this subject,) it is said that if, from the contract itself, or from this coupled with the conduct of the parties thereto, it appears that credit was given, not to the agent but to the corporation, and it appears to have been the intent of the parties that the corporation should be bound, the corporation is alone liable, irrespective of 'the particular form of the contract.

Owing to the great diversity in the form of the instruments involving questions of this character, the adjudged cases furnish no general rule more definite than that referred to ; and many of them have little applicability to other cases except in their general principles. In some of the authorities cited, the execution of the instrument in the form of that before us has been held the individual obligation of the person signing it, and not that of the individual or company indicated by the addition to the signature, such addition being regarded merely as *descriptio personarum*, while in others it has been held sufficient on its face to avoid personal liability. Although it would appear to be by no means settled that such a mode of execution—the mere addition of the official character to the name—is tantamount to a disclaimer of personal responsibility, it is deemed such an indication of the representative character as to warrant a resort to parol evidence, not of course to contradict or vary the writing, but to explain it. The purpose of introducing parol evidence in such cases is to prove extrinsic circumstances, by which the respective liability of the principal and agent may

be determined, such as to which the consideration passed and credit was given, the agent's authority, &c. When the names of both principal and agent appear on the instrument, and the contract, though in the name of the agent, discloses a reference to the business of the principal, so that the instrument as it stands is consistent with either view of its being the engagement of the principal or of the agent, parol evidence is admissible in a suit against the agent to charge him by showing either that credit was given to him or that he had not authority to bind the principal, or to discharge him by proving that the consideration passed directly to his principal, &c. (1 Amer. Lea. Cas. 453, and authorities there cited.)

Justice Johnson, in Mechanics' Bank v. Bank of Columbia, 5 Wheat. 336, says, it is enough for the purpose of the defendant to establish that there existed on the face of the paper circumstances from which it might reasonably be inferred that the transaction was either an individual or a corporate one, in which case it becomes indispensable to resort to extrinsic evidence to remove the doubt. In that case parol evidence was admitted to prove that character or capacity in which the check was drawn; and the only evidence on its face of its being a corporate transaction was the corporate name in the caption. A mere addition to the name of the party signing a contract can not be regarded as a certain *indicium* that it was made on behalf of another. Where, however, it is doubtful from the face of the contract whether it was intended to operate as a personal engagement of the party signing it, or to impose an obligation on some third person as his principal, parol evidence is admissible to show the true character of the transaction. (Lazarus v. Shearer, 2 Ala. 274; Hicks v. Hinde et al., 9 Barb. 529; Conn. v. Pat. Henry Iron Co. 12 Barb. 55; 7 H. & J. 415.)

In this view of the case, we see no error in giving the instruction asked by the defendant and refusing those asked by the plaintiff.

Judgment affirmed; the other judges concurring.