JOHN E. SHUETZE AND CHARLES F. EGGERS, Respondents, *v.* GEORGE BAILEY, CHARLES H. PECK, AND JAMES B. EADS, TRUSTEES OF CAROLINE GARNIER, Appellants.

1. *Agent—Contract—Sealed Instrument.*—An agent, to bind his principal by deed, must have authority under seal. Although an instrument purporting to be sealed may be invalid as a deed, it may be evidence of a contract between the parties.

2. *Evidence — Ambiguity.*— Parol evidence is admissible to explain the latent ambiguities of an instrument and to aid in its interpretation.

3. *Agent—Authority.*—The authority of an agent may be shown by the subsequent ratification of his acts by the principal.

## Appeal from St. Louis Land Court.

On the trial, which was before the court sitting as a jury, the respondents offered to read in evidence a writing as follows:

" This agreement, made this 20th day of June, 1857, between Kenneth Mackenzie, agent for Volney S. Stevenson, of the first part, and George Bailey, of the second part, witnesseth: That whereas the said parties are proprietors of adjoining lots of ground, or parcels of land, in block 87 of the city of St. Louis, Mo., the northern line of the lot of the said party of the first part being the southern line of lot of the said party of the second part; and whereas it is agreed that said party of the first part in building upon his lot shall put his northern wall upon the ground of said party of the second part and said party of the first part equally, so that the cen-

tre of said wall may rest upon the dividing line of the two lots : Now, therefore, in consideration of said party of the first part so building his said northern wall, the said party of the second part, his executors, administrators or assigns, covenants and agrees that when he or they shall build upon his lot permanent buildings so as to use the *whole of said wall*, he will pay to the party of the first part, or his assigns, the value of the one-half of said party-wall, the said value to be computed and estimated at the time of such building. In witness whereof, said parties of the first and second parts have hereto set their hands and seals the day and year above written.—K. Mackenzie (seal), agent for Volney S. Stevenson. Geo. Bailey (seal). Witness—Chas. H. Peck.''

The appellants objected to the reading in evidence the said instrument, because it was not a contract between Stevenson and Bailey ; the court overruled the objection and permitted the same to be read, subject to its legal effect.

It was proved at the trial that Louis Thanberger, under the lease from George Bailey, built a four-story building on Bailey's lot, extending from Third street back west 53 feet ; that the same was a permanent building, and was finished in May, 1863 ; that in the erection of the same the north wall of the Stevenson building was used.

The appellants asked the following instructions :

1. The plaintiffs are not entitled to recover in this suit.

2. The contract read in evidence by the plaintiffs is not a contract between George Bailey and Volney S. Stevenson, and the plaintiffs are not entitled to recover.

3. Unless George Bailey, or his assigns, have built upon the lot secondly described in said petition permanent buildings or building, so as to use the *whole* of the wall standing on said lot erected by Volney S. Stevenson, the plaintiffs are not entitled to recover.

4. That if Volney S. Stevenson erected a five-story building on the lot first described in said petition, fronting on Third

street, by 104 feet deep to the alley; that the stone foundation of the northern wall of said building is two feet thick, and that the brick wall is twenty-two inches thick for the first story; that Louis Thanberger, lessee of George Bailey, in 1862 and 1863, erected a four-story building on the lot secondly described in said petition, only 53 feet deep; that Caroline Garnier, grantee of George Bailey, in 1863 and 1864, erected a two-story building on the east side of said alley, only 51 feet deep; that in the erection of the last two buildings only a portion of the northern wall of said Stevenson's building was used; that for the said four-story building and said two-story building a wall of less thickness than the northern wall of said Stevenson would be amply sufficient,— then said plaintiffs are not entitled to recover.

5. In any event, the plaintiffs are only entitled to recover the value of so much of that portion of the wall used by said George Bailey, or his assignees, at the time of using the same.

Which instructions the court refused to give.

The court rendered judgment against George Bailey for $1,300 and in favor of the other defendants. Bailey appealed.

*Cline & Jamison*, for appellants.

I. The court below erred in admitting in evidence the contract, and in refusing to give the first and second instructions asked by appellants.

The petition alleged a contract made between Volney S. Stevenson and George Bailey, and the said contract being under seal and made in the name of Kenneth Mackenzie, was in fact and in law his contract, and not Stevenson's with George Bailey.

All contracts under seal must be in the name of the principal—1 Sto. Ag. §§ 147–50; 2 Kent's Com. 631; Smith v. Alexander, 31 Mo. 193; Clark v. Courtney, 5 Pet. (U. S.) 319; Bogart v. DeBussy, 6 J. R. 93; Fowler v. Shearer, 7 Mass. 14; Elwell v. Shaw, 16 Mass. 42; Townsend v. Corning, 23 Wend. 435–41; Stone v. Wood, 7 Cow. 453; Spen-

cer v. Field, 10 Wend. 87 ; Lutz v. Lenthicum, 8 Pet. 165 ; Stinchfield v. Little, 1 Me. 231; Hayes v. Hampton, 1 Har. & John. 622–709.

II. There was no sufficient authority shown or proven authorizing Kenneth Mackenzie to make said contract for Volney S. Stevenson.

III. The respondents were not entitled to recover against George Bailey unless he or his assignees used the whole of the wall, for the contract sued upon thus provides. The using of two-thirds of the wall is not the whole of the wall.

*Krum, Decker & Krum,* for respondents.

I. The court below did not err in admitting in evidence the contract sued on.

(*a*) This contract is that of Stevenson, not being within the rule of Sto. on Agency § 140, &c., and showing that the intention of the agent was to bind the principal—Wood v. Goodridge, 6 Cush. 120 ; Spencer v. Field, 10 Wend. 87.

(*b*) In any event, it was ratified by the principal and became thereby his contract—Bredin v. DuBarry, 14 S. & R. 27 ; Rogers v. Kneeland, 10 Wend. 218 ; Kelly v. Munson, 7 Mass. 319 ; Han. & St. Jo. R.R. Co. v. Marion Co., 36 Mo. 294 ; Sto. on Ag. § 242.

II. The appellant Bailey is estopped to deny his liability under the contract in question.

(*a*) It is immaterial whether his covenant be regarded as one running with the land, or the contract held to be akin to one concerning boundaries. In either case, Bailey is estopped : in the first, as covenantor ; in the second, by his silence during and since the erection of the wall. *Qui tacet consentire videtur*—Hempstead v. Easton, 33 Mo. 142 ; Blair et al. v. Smith, 16 Mo. 273.

III. The contract having been sustained, the respondents (grantees of Stevenson) can recover the value of half of the party-wall—Binlock, adm'r, v. Peck, exec'r, 2 Duer, 90.

The wall was used, in the sense of the contract. The buildings erected by Bailey's grantees were permanent structures.

Shuetze et al. v. Bailey et als.

The fact that these buildings did not cover the entire side of the wall cannot affect the question of damages. The court below properly refused appellants' instructions. The wall was used in *length*, and this constituted an entire use, in the sense of the agreement.

HOLMES, Judge, delivered the opinion of the court.

The contested questions arise upon the instructions refused for the defendants, touching the effect that is to be given to the contract in writing on which the action is founded. This was an agreement " between Kenneth Mackenzie, agent for Volney S. Stevenson, of the first part, and George Bailey, of the second part," witnessing that " whereas the said parties are proprietors of adjoining lots in block 87 of the city of St. Louis, the northern line of the lot of the said party of the first part being the southern line of the lot of the said party of the second part," and continuing to the end in the same style, the said party of the second party agreeing to pay to the said party of the first part one-half of the cost of building the party-wall which he was about to erect, whenever he should have occasion to build on his lot, and should use the whole of said party-wall, and concluding thus: " In witness whereof, said parties of the first and second parts have hereto set their hands and seals the day and year above written.—K. Mackenzie [L. S.], agent for Volney S. Stevenson. Geo. Bailey [L. S.] Witness—Chas. H. Peck."

It appeared from the evidence that it was Volney S. Stevenson who was in fact the proprietor of the adjoining lot, and built the party-wall, and was really the person intended as " the party of the first part"; that the contract so made was adopted by Stevenson, and by him assigned to the plaintiffs, to whom he had conveyed the lot on which his building was erected ; and that, subsequently, buildings had been erected by Bailey, and those holding under him, on his lot, using the party-wall, the front building being four stories and the rear building two stories only in height; the plaintiff's building being five stories in height. The agreement read that

" when he or they shall build upon his lot permanent buildings so as to use the whole of said wall, he will pay to the party of the first part, or his assigns, the value of the one-half of said party-wall, the said value to be computed and estimated at the time of such building." Judgment was recovered against Bailey alone for the sum of $1,310.60, one-half of the cost of the wall being proved to have been $1,559.21.

The court refused to instruct the jury for the defendants to the effect that the plaintiffs were not entitled to recover on the evidence, or that, in any event, they were not entitled to recover for more than the value of that portion of the wall which was used by Bailey, or his assigns, at the time of using the same. The plaintiffs did not ask for any instructions.

The determination of the case depends upon the construction that is to be given to the written contract, as to the right of the plaintiffs to sue upon it, and as to the use of the whole wall.

Where a sealed instrument purports in the body of it to contract in the name of the principal and to bind him, the execution of it by the agent in the manner in which this contract was signed would be sufficient to make it the contract of the principal, if there was an authority under seal ; and whether or not such is the purport of the instrument, is to be gathered from the general tenor of it, rather than from any particular clause ; and if the intention of the parties can be ascertained, such intention is to be carried into effect, if it can be done consistently with the rules of law.—Hale v. Woods, 10 N. H. 470; Deming v. Bullitt, 1 Blackf. 241 ; Wilks v. Back, 2 East, 142 ; Wilburn v. Larkin, 3 Blackf. 55 ; Varnum v. Evans, 2 McMull. 409 ; Shanks v. Lancaster, 5 Gratt. 118 ; Martin v. Dortch, 1 Stew. 479.

Parol evidence was admissible to explain the latent ambiguities of the instrument, and to aid in interpreting it— Smith v. Alexander, 31 Mo. 193. Upon the face of the paper, without the aid of extrinsic evidence, there might be

room for doubt whether the words "*Kenneth Mackenzie*, agent for Volney S. Stevenson, of the first part," referred to the agent or the principal as the party contracting; but the general tenor of the instrument purports that it was the proprietors of the lots who were in fact the contracting parties, and the evidence *aliunde* very clearly shows that it was Stevenson, and not Mackenzie, who was such proprietor. We think the case comes within the reasoning that would make this the contract of the principal; but as a contract under seal, it is ineffectual for want of an authority under seal.

Now if this was an instrument affecting real estate, this result would be conclusive of the case; but when the contract relates to personal property only, or is a mere agreement to pay money, though void as a contract under seal, the seal is unnecessary, and may be disregarded as surplusage, and it will be good as a contract not under seal, provided there were authority by parol for its execution; and such parol authority may be proved by a subsequent ratification—Dispatch Line v. Bellamy Manuf. Co., 12 N. H. 205; Hunter v. Parker, 7 Mees. & W. 322; Cooper v. Rankin, 5 Binn. 613; Van Ostrand v. Reed, 1 Wend. 424; 1 Am. Lea. Cas. (3d ed.) 587.

Here the principal adopted the contract as his own, and assigned it to the plaintiffs as such, and there was a clear ratification of the authority by parol.

Under the present system of practice, the technical distinctions between the mere forms of action no longer exist. The petition stated the material facts of the case, and if there be a good cause of action stated, it matters not whether it be such as would have been assumpsit or covenant under the former practice. This petition states the case as upon an agreement in writing not under seal, and we think the allegations are sustained by the proofs, and that there is no material variance.

As to the matter of "the whole wall," the contract must receive a construction with reference to the subject matter and the intent of the parties. It could not have been intend-

ed that the buildings to be erected by the defendants should literally cover every inch of the whole surface of the party-wall. The meaning of the parties must have been that a substantial use of the whole wall should be considered enough ; and there was ample evidence on this subject to justify the verdict of the jury. Some allowance seems to have been made for the difference in the extent of the two buildings. We find no sufficient reason for disturbing the verdict. It results from these views that there was no error in refusing the defendants' instructions.

Judgment affirmed. The other judges concur.