RICHARD H. MUSSER, Plaintiff in Error, v. ADAMANTINE JOHNSON, Defendant in Error.

1. *Agents of Corporations — Simple Contracts — Agency.* — The conveyance of real property must purport to be made and executed by the corporation acting by its duly authorized agent. But in matters of simple contract the rule is not so strict, and an execution of an instrument will be inferred from the general principles of the law of agency.

2. *Written Instrument — Ambiguity — Parol Evidence.* — Where the matter is uncertain, on the face of the instrument, whether it was intended to bind the principal or the agent, parol evidence is admissible to explain the latent ambiguity and to aid in the interpretation.

3. *Seal — Authority — Evidence.* — Where the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority. The affixing of the seal is not conclusive evidence of authority; but if dispute arise, the contrary must be shown by the objecting party.

*Error to Circuit Court of St. Louis County.*

*R. H. Musser*, plaintiff in error, *pro se.*

I. The assignment of the claim of the North Missouri Railroad for $2,400, paid to Abell, Cunningham, Johnson, et al., is sufficient as the deed of the corporation. (31 Mo. 193 ; 1 Am. Lead. Cas. 453 ; 5 Wheat. 336.)

II. The use of the word " we " in the assignment shows that the words " President of the North Missouri Railroad Company," attached to his name, are not a description of the person of Isaac H. Sturgeon. (Ang. & Ames on Corp. 159, 2d ed).

III. The assignment was good as a parol contract. (Gen. Stat. 1865, § 6, p. 327 ; 1 Ad. & El. 600.)

*T. T. Gantt*, for defendant in error.

It will be seen that the main point in this cause is the legal sufficiency of the attempt made by Sturgeon to assign the claim and right of action of the North Missouri Railroad Company against Johnson, Abell, Moberly, and Cunningham, to the plaintiff.

I. The paper produced does not profess to be a transfer of the right and cause of action held by the North Missouri Railroad

Company against these parties. The paper says "*we* assign," etc., and is signed by Isaac H. Sturgeon, and witnessed by G. W. Blood. If it had been "*I* assign," etc., and was signed and witnessed in the same manner, it would be not more unequivocal. The name of the North Missouri Railroad Company does not occur in the body of the instrument, nor is there any suggestion that the claims and property of that corporation are being transferred.

II.  There is a total want of all evidence to show any authority on the part of Mr. Sturgeon to execute the paper for the North Missouri Railroad Company. Such authority could only be conferred by the corporate act of the company. The officers and agents constituted by its charter must have authorized Mr. Sturgeon to sign this transfer, or his attempt to execute it is a nullity, No attempt is made to show this authority.

There are many things in general deserving of attention when a corporation conveys land by deed. First, there must be a consent on the part of the corporate authorities (it being supposed that the corporation possesses the power of alienation, and needs no enabling act for that end) to convey the land, on certain terms and considerations. Second, this consent being gained, there must be a formal act by which it shall be carried into effect. The ceremonies necessary to this formal act are prescribed by § 18, p. 329; Gen. Stat., 1865. This is all. Does the plaintiff in error suppose that this section confers upon the president and secretary an unlimited power of alienating all the land of any corporation? If so, why was a power of sale thought necessary in every charter granted to a municipal corporation possessing a common?

The case of Smith v. Alexander (31 Mo. 193) was one in which a person who signed a note was permitted to show, by way of defense to an action on it, that he signed it for a railroad deed, in acknowledgment of a debt due by the railroad, and that the signature by him was only in his representative character as treasurer, and was known to be such by the holder and payee. It is not perceived that any principle which plaintiff in error is concerned in advocating was established by that case.

In the case of the Mechanics' Bank v. Bank of Columbia (5

Wheat. 336), all that was decided was that "it is by no means true that the acts of agents derive their validity from professing, on their face, to be done in the exercise of their agency. In respect of a general agent, the liability of a principal depends upon, first, whether the act was done in the exercise, and second, within the limits, of the power delegated"—p. 337.

The president of the North Missouri Railroad Company had no power, under the charter of the company, or by virtue of the general law on the subject of corporations, to sell or assign any rights of the company, or any property to it belonging. Such authority could only be conferred by the directory, acting under its charter. It was not pretended that there was any such action on the part of the directory. The act was not within the power of the president as general agent of the company. (See the Charter, p. 483 *et seq.*; Sess. Acts, 1850–1851, § 5.) "A special agency properly exists when there is a delegation of authority to do a simple act; a general agency properly exists when there is a delegation to do all acts connected with a particular trade, business, or employment." It is a familiar principle that the powers of a general agent are literally those of a special agent strictly construed. (Story on Ag. § 126.) But in the case at bar there is no agency at all, either general or special—no power to assign or convey any property or rights belonging to the North Missouri Railroad Company, and no such assignment was made.

WAGNER, Judge, delivered the opinion of the court.

The petition in this cause set forth that the North Missouri Railroad Company, having agreed to purchase all the assets of the Chariton and Randolph Railroad Company, and being thereto authorized by an act of the General Assembly of Missouri, agreed to pay as a consideration therefor so much of the debts of the said Chariton and Randolph Railroad Company as would not exceed the sum of $25,000, and appointed, in concert with said Chariton and Randolph Railroad Company, a committee, of which Johnson, the defendant, was one, to audit the demands of the creditors of the said Chariton and Randolph Railroad Company; that one Abell, another of the committee, combining with the defendant

Johnson and the rest, audited and allowed in favor of said Abell, fraudulently, a sum of twenty-four hundred dollars, which was not in fact due to the said Abell, and that the North Missouri Railroad Company, after paying this demand to the said Abell, assigned to the plaintiff its right to recover it back from the said Abell, Johnson, and the rest of the committee. The action was brought against all the committee, but only Johnson was served with process, and the answer was put in by him alone.

The defendant answered, denying the fraud and combination charged, and denying the assignment of the claim of the North Missouri Railroad Company to the plaintiff. When the cause came on for trial, the plaintiff offered in evidence the following, as evidence of the assignment:

"PRESIDENT'S OFFICE, NORTH MISSOURI RAILROAD COMPANY,
"JULY 23, 1866.

"For value received, and without recourse on us, we assign to Richard H. Musser any claim or cause of action we may have against Peter T. Abell, Adamantine Johnson, and John F. Cunningham, on account of any sums of money improperly paid by us to the said Abell, Johnson, and Cunningham, under the false pretense of the said Abell, Johnson, and Cunningham that the same was due to the said Peter T. Abell by virtue of our contract with the Chariton and Randolph Railroad Company, under date 14th of May, 1864, for services rendered as agent and attorney to the last-named corporation; more particularly the sum of twenty-four hundred dollars paid upon the certificate of the said Abell, Cunningham, and Johnson, and William E. Moberly, on or about the twentieth day of September, 1865.                    "ISAAC H. STURGEON,
[L. S.]                              "Prest. North Mo. R.R. Co.
"Attest, with seal of company attached:
"GEO. H. BLOOD, Sec'y N. M. R.R. Co."

The defendant objected to the introduction of this paper as evidence, for the reason that it did not profess to be the deed of the North Missouri Railroad Company, and that it did not appear that the same was executed by any person to that end authorized by said company. The court sustained the objection, and the plaintiff excepted. The plaintiff then introduced Isaac H. Sturgeon as a witness, and offered to prove by him that he was authorized by the executive committee of the North Missouri Railroad Company to sign the above paper. The defendant objected to this evidence, because the same was incompetent and

6—VOL. XLII.

irrelevant. The objection was sustained, and the defendant excepted and took a non-suit, and brings the case up by writ of error.

If a conveyance of real property, purporting to be the conveyance of a corporation made by one authorized to make it for them, be in fact executed by the attorney or agent in his own name as his own deed, it will not be the deed of the corporation, although it was intended to be so and the attorney or agent had full authority to make it so.

The conveyance must purport to be made and executed by the corporation acting by its duly authorized agent. But in matters of simple contract, the rule is not so strict, and an execution of an instrument to bind the corporation will be inferred from the general principles of the law of agency. In the diversified exercise of the duties of an agent, the liability of the principal depends upon the facts that the act was done in the exercise and within the limits of the powers delegated, and especially that it was the intent of the parties that the principal and not the agent should be bound. (McLaren v. Pennington, 1 Paige, 102; Boisgerard v. N. Y. Banking Co., 2 Sandf. Ch. 23; Jenkins v. Morris, 16 M. & W. 180.)

And where the matter is uncertain on the face of the instrument whether it was intended to bind the principal or the agent, parol evidence is admissible to explain the latent ambiguity, and to aid in the interpretation. (Smith v. Alexander, 31 Mo. 193; Shuetz et al. v. Bailey et. al., 40 Mo. 69.)

When the instrument bears no marks of an official character upon its face, there is great difficulty in applying the rule; but where marks of an official character not only exist, but actually predominate, the case is shorn of all perplexity. The assignment in this case is headed and dated at the company's official place of transacting business; and although the officers use the plural "we," instead of naming the company, as the contracting party, it sufficiently appears that they were acting officially for the company, and intended to bind it. As strong and irresistible evidence of this, they recite the contract made with the Chariton and Randolph Railroad Company, and that "the same was due by virtue of our

contract" (meaning unmistakably the North Missouri Railroad Company) with the said Chariton and Randolph Railroad Company, and then sign the paper officially, and attach the seal of the company. There is little room for doubt that it was an official and not an individual act; but if any doubt existed it was competent to remove it by parol testimony.

Another branch of the objection was that it did not appear that the instrument was executed by any person authorized to that end by the company. It does not appear that there was any denial that Sturgeon was the president, and Blood the secretary, or that their signatures were genuine. The seal of the corporation, then, imparted authority. For it is a familiar rule that when the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority. (Ang. & Ames on Corp. § 224, and authorities referred to in note 2.) The affixing of the seal is not conclusive evidence of authority; but if dispute arises, the contrary must be shown by the objecting party. (Ang. & Ames, *ib.*; Koehler v. Black River Co., 2 Black., U. S., 715.)

It is unnecessary to notice the objection to Sturgeon's testimony, as we have already substantially disposed of the case as presented by the record.

The judgment will be reversed and the cause remanded. The other judges concur.