WILLIAM McCLELLAN *et al.*, Respondents, *v.* P. T. REYNOLDS, Appellant.

1. *Notes*—Descriptio personæ.—An agent or officer of a corporation who puts his own name offic illy to an obligation, and not the name of the principal or the corporation, loes not thereby necessarily make it his own personal obligation.

2. *Notes — Signature of officer — Latent ambiguity.* — Suit was brought upon the following note: * * * "For value received I promised to pay A. & B. $645, * * * for building a school-house in school district No. 3, township 51, range 21, with 10 per cent. * * * (Signed) P. T. Reynolds, Local Director."

*Held,* that the indications on the note were that defendant did not intend to make a personal contract, but gave the paper on a settlement for work done for his school district, and that averments showing such to be the case were properly set up in the answer. They did not vary the instrument, but only went to explain its latent ambiguity.

*Appeal from Saline Court of Common Pleas.*

*Wm. D. Bush,* for appellant, cited 2 Kent, 830–2, note 1, § 647, and authorities referred to; Unwin v. Wolsely, 1 Term, 674; Hodges v. Dexter, 1 Cranch, 345; Olney v. Wilkes, 18 Johns. 122; Daws v. Jackson, 9 Mass. 490; Fox v. Drake, 8 Cow. 191; Wiggins v. Hathaway, 6 Barb., S. C., 632; Smith Merc. Law, 144; Paley on Agency, §§ 368–9; Sto. Agency, 160, 261–3; Roberts v. Butler, 14 Verm. 195; Kirkpatrick v. Stainer, 22 Wend. 962; Shelton v. Darling, 2 Conn. 435; Matt v. Hicks, 1 Cow. 513; Rockaway v. Allen, 17 Wend 40; Stanton v. Comp, 4 Barb., S. C., 274; Smith v. Alexander, 31 Mo. 193; Mechanics' Bank v. Bank of Columbia, 5 Wheat. 336; Lazarus v. Shearer, 2 Ala. 718; Kicks v. Hinde, 9 Barb. 529.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs brought suit for a balance due upon the following note: "One day after date, for value received I promise to pay Wm. McClellan and A. McAllister six hundred and forty-five dollars, a balance due them for building a school-house in school district No. 3, in township 51, range 21, with ten per cent. interest from date. This first day of November, 1869. P. T. Reynolds, Local Director."

The defendant answered, denying any personal promise, and averring that he was local director of the school district named, and executed the note in his official capacity. He set out in detail his election, etc.; that it was deemed necessary to have a school-house in said sub-district; that a tax was levied for that purpose; that plaintiffs were employed by him, as the law required, to build

the same; that after its completion, defendant paid them all the tax that had been collected, and, in behalf of said sub-district, gave said note for the balance; that it was understood at the time that the debt was a debt of the sub-district alone, and that defendant was not to be held personally, etc. This answer was stricken out on motion of plaintiffs, and they secured judgment for the amount due on the note.

The only questions presented are whether the facts set out in the answer can be shown by parol, and whether under them the defendant is personally liable. Under the facts as they appear upon the face of the note and as set out in the answer, there was no personal liability. We are not held to the technical rule that if an agent or officer of a corporation puts his own name officially to an obligation, and not the name of the principal or of the corporation, it necessarily becomes his obligation. The doctrine is correctly stated in Smith v. Alexander, 31 Mo. 193, in Shuetze v. Bailey, 40 Mo. 69, and in Musser v. Johnson, 42 Mo. 74.

The indications upon the note are that defendant did not intend to make a personal contract, but that he gave the paper on a settlement for work done for his school district; and the facts set out, which by the motion were admitted to be true, conclusively show that such was the case. These facts did not, as is claimed, go to vary a written instrument, but only to explain a latent ambiguity.

Plaintiffs claim that the director had no right to give the note, that he could not bind his district, and therefore he is personally responsible. But the facts alleged by him show that the transaction was legitimate, and that the district is bound to pay the debt, and the amount should be raised by taxation. If there was any maladministration on the part of the director that would make him personally liable, as by exceeding his authority, the plaintiffs should have set it out and proved it.

The other judges concurring, the judgment is reversed and the cause remanded.