McGee v. Larramore et al.

---

GEORGE N. McGEE, Respondent, v. C. W. LARRAMORE et al., Appellants.

50 425
78a 620
50 425
89a 680

1. *Promissory notes — Order by school director — Negotiability, etc.* — Suit was brought by the assignee upon the following instrument:

"Thirteen months from date, I, C. W. Larramore, director of sub-district No. 2," etc., "agree to pay to the order of W. A. Smith sixty-nine dollars for school merchandise furnished said sub-district, with ten per cent. interest from date; said sum to be paid out of any funds due said sub-district, payable at," etc. (Signed) C. W. LARRAMORE, Director.

"Accepted by M. G. Dale, County Clerk."

*Held*, that not being a personal obligation of its maker, and being payable out of a particular fund only, the paper was not negotiable, and equities arising between the original parties might be set up in its defense.

The fact of the acceptance does not make the order negotiable.

*Appeal from Ray Court of Common Pleas.*

*Doniphan & Garner*, for appellants, cited Sto. Prom. Notes, 19, § 17; *id.* 23, 28, §§ 22, 25; Edw. Bills and Notes, 118, § 134; *id.* 132-3, 135-7, §§ 139, 140, 142-5; Chit. Bills, 137 *et seq.;* Cook v. Bradley, 7 Conn. 57; Leiber v. Goodrich, 5 Cow. 186; Thompson v. Sloan, 23 Wend. 71; Keith v. Jones, 9 Johns. 120; Judah v. Harris, 19 Johns. 144; Jones v. Fales, 4 Mass. 245; Young v. Adams, 6 Mass. 182-8.

*J. W. Shotwell*, for respondent.

The instrument sued on is a negotiable note. (Wagn. Stat. 216, § 15; Sto. Bills, 36, § 29; *id.* 45-57, § 32-35.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit as assignee upon the following complaint:

" $69.                             August 30, 1868.

" Thirteen months after date, I, C. W. Larramore, director of sub-district No. 2, township 52, range 28, county of Ray, State of Missouri, agree to pay to the order of W. A. Smith the sum of sixty-nine dollars for school merchandise furnished said sub-district, with ten per cent. interest from date; said sum and interest to be paid out of any funds due said sub-district, payable at the bank of Hughes & Masson.

C. W. LARRAMORE, Director.

" Accepted by M. G. Dale, Township Clerk."

The petition charges that defendant Larramore was school director at the time of the execution of the instrument; that it was accepted by defendant Dale, who was township clerk, and that it was assigned to the plaintiff before due, and that defendants refuse to pay the same. For defense the defendants allege that the paper was given to said Smith in consideration of school apparatus to be furnished the school district; that it was never furnished, and hence the consideration failed. This answer was, on plaintiff's motion, stricken out, and this action of the court is assigned for error.

This paper, even if it be called a promissory note, is not commercial paper negotiable under the law merchant, nor is it made so by our statute. It lacks several of its characteristics ; for, first, the whole instrument shows it to be an obligation of the school district, and not of its maker, and hence the defendant is not personally liable upon it (McClellan v. Reynolds, 49 Mo. 312) ; and, second, it is not an absolute personal obligation payable at all events, but a promise to pay out of a particular fund.

The court, in Dawkes v. Delorane, 3 Wils. 207, speaking of a bill, says that " it must carry with it a personal and certain credit given to the drawer, not confined to credit upon any thing or fund ; it is upon the credit of a person's hand, as on the hand of the drawer, the indorser, or the person who negotiates it. He to whom such bill is made payable or indorsed, takes it upon no particular event or contingency except the failure of the general personal credit of the person drawing or negotiating the same." This opinion is quoted in Sto. Prom. Notes, and applied to notes. (See also 1 Pars. Bills, § 25, note, 42–44.)

The agreement of the local school director to pay out of the proper school fund, and the acceptance by the clerk, make the papers an accepted order upon such fund, and the holder may compel an application of the fund to its payment. Under this view the indorser acquires no right superior to that of the payee, and the defense of fraud or want of consideration may be set up. The fact of acceptance does not make the order negotiable ; but if the order itself is unimpeachable, the clerk becomes obligated to retain sufficient of the proper fund to meet it.

The judgment will be reversed and the petition dismissed. The other judges concur.