Klostermann, Adm'r v. Loos, et al.

————o————

LOUIS F. KLOSTERMANN, Adm'r of JACOB TOBLER, deceased, Appellant, vs. HENRY LOOS, et al., Respondents.

1. *Bills and notes—Parties—Descriptio personae—Intention.*— The question whether parties to a bill or note are to be held as individuals or in official capacities, must be determined by their intent, as gathered from the whole instrument, however inartificially it may be drawn, or however informally the intent may be expressed.

*Appeal from Cape Girardeau Circuit Court.*

*Lewis Brown,* for Appellant.

I. This action is not brought on all of the stipulations of the contract; the part herein sued on reads as follows:

"Jackson, Mo., Aug. 1868. On or before the first day of January, 1873, we, * * * * promise and bind ourselves * * * to pay to Jacob Tobler or order, the sum of seven hundred and eighty-six dollars and ninety-six cents for value received, in said Tobler advancing that amount in the building of said church as late treasurer. Said sum to bear six per cent. interest from Jan. 1, 1869. * * * [Signed.]

The above is a promissory note for the direct payment of money to Jacob Tobler or his order, for value received; and by the express provisions of the statute is due and payable as therein expressed. (Wagn. Stat., 216, § 15, note 3.) It is not a necessity, nor is it obligatory upon a plaintiff to sue upon all of the stipulations or conditions of a note or contract—some may be omitted in the petition. (Brooks vs. Ancell, 51 Mo., 179; Comstock vs. Davis, *Id.*, 570 [McGee vs. Larrimore, 50 Mo., 426 is not in point]; Rogers vs. Carver, 21 Mo., 519.)

II. The parol evidence of the congregations was inadmissible to add to, change, vary or take from said instrument, nor to explain it, for there is no latent or apparent ambiguity therein. So, too, under the statute, the one party (Tobler) being dead, a member of the congregation, being interested, cannot testify. (Wagn. Stat., 1372, § 1.) The note itself shows plainly and conclusively the official as well as the personal liability of the signers, as follows: " On or before the 1st day of January, 1873, we, the undersigned trustees of the Evangelical Lutheran Church, at Jackson, Mo., for ourselves, as such trustees, and our successors in office, promise and bind ourselves for said congregation and such successors in office," etc. This is not only an official but a personal liability, and a personal obligation as to the personal liability. (McClintock vs. Bryant, 1 Mo., 428; Rogers vs. Carver, 21 Mo., 519; Buckley vs. Briggs, 30 Mo., 455.)

*Houck & Ranney*, for Respondent.

I. The instrument sued on very clearly shows the position in which defendants stand to the instrument, and the way in which they are to be bound by it. They say, in that instrument, that they bound themselves, not as individuals for their own private interest, as plaintiff's counsel insists, but " as such trustees." The instrument further shows that, when the signers went out of office, their successors were bound by the contract in the same way that they had been bound. The

words of the instrument forbid the construction of a personal liability of defendants, but show that they are liable as trustees, and they contracted as such for themselves and their successors; and as such trustees, defendants and their successors are liable, and not otherwise. (Rogers vs. Carver, 21 Mo., 517.) The maker of a note is *not* personally liable when he signs as the agent or director of a third party. (McGee vs. Larrimore, 50 Mo., 425.) And if an agent puts his own name officially to an obligation, and not the name of the principal, it does not necessarily become the obligation of the agent. (McClellan vs. Reynolds, 49 Mo., 312 ; Smith vs. Alexander, 31 Mo., 193 ; Shnetze vs. Bailey, 40 Mo., 69 ; Musser vs. Johnson, 42 Mo., 74.) But plaintiff's counsel attempts to avoid this, by stating that he did not sue on all of the contract—that is, he sued on the part most favorable to him, and omitted everything which tended to weaken and destroy his claim. It is admitted that where a contract contains several independent agreements, that suit may be brought for a breach of any one ; but this is not such a case.

II. Had the instrument not contained the words which explain the character of the signers, or the way in which they were to be bound by the terms of the instrument, it was perfectly legal for us to introduce parol testimony to show that the note was executed with a certain and express understanding between the parties, and to show what the terms of that understanding were. (Foster vs. Wallace, 2 Mo., 231 ; Garret vs. Ferguson's Adm'r, 9 Mo., 125 ; Ayres vs. Milroy, 53 Mo., 516.)

SHERWOOD, Judge, delivered the opinion of the court.

The decisive question in this case is, whether the defendants, who are the trustees of a certain church organization, are individually liable on a contract in this form :

"JACKSON, Mo., August, 1868.

"On or before the 1st day of January, 1873, we, the undersigned, (trustees of the Evangelical German Church at Jackson, Missouri, for ourselves as such trustees, and our succes-

sors in office) promise and bind ourselves, (for said congrega-
tion and such successors in office) to pay to Jacob Tobler or
order, the sum of $786.96, for value received in said Tobler
advancing that amount in the building of said church, as late
treasurer; said sum to bear interest at the rate of six per
cent. per annum, from and after the 1st day of January, 1869,
(and said sum shall be and remain a lien on said church
building until fully discharged, by payment of principal and
interest).    In witness whereof, we have hereunto signed our
names the date above written.

CHAS. HARENBURG,  
JACOB FRIEDRICH,  
ADAM HOFFMAN,     Trustees."  
HY. LOOS,

As the plaintiff seeks to charge them, not in their official
but in their individual capacity, asserting that his action is
brought on only such portion of the instrument sued on as is
not inclosed in brackets.

One of the defenses set up in the answer of the defendants,
was, that they had signed the instrument in question, as
*trustees* of the above mentioned church, and not otherwise,
and the truth of this allegation finds abundant confirmation
in the face of the instrument itself, the fundamental and con-
trolling idea of that evidently being the entire preclusion of
all personal liability on the part of those who signed it.    The
intention of the defendants to bind themselves and their suc-
cessors in office, " *as such trustees,*" runs throughout the en-
tire instrument, unless the words employed to convey that
idea have suddenly lost their usual signification.    For the
promise is made and the obligation entered into, in an *official*
and not an *individual* capacity: " For said congregation and
such successors in office," and not in any other way.    And in
one and the same sentence, " the Evangelical German Church
at Jackson, Mo.," is disclosed as the principal, and the de-
fendants pointed out as the mere agents of that organization.
And without the insertion of words expressive of absolute ne-
gations of all personal liability, it is difficult to perceive how
the fact of agency could be more efficiently expressed.    The

adjudications, however, of the various courts, as to the formalities to be observed, in order to disclose and cast liability on the principal, while at the same time accomplishing the exoneration of the agent, are not in full accord. Some courts holding the agent, in designating his principal, to the use of an extreme precision of language, scarcely compatible with the exigencies incident to the prompt execution of business, while others adopt the more rational as well the more generally prevalent doctrine and liberal policy of allowing the intent of the parties to govern, and that intent to be gathered from the whole instrument, regardless of the latter being inartificially drawn or the former informally expressed. And this is the line of adjudication which has received the approval of this court in repeated instances. (Shuetze vs. Bailey, 40 Mo., 69; Musser vs. Johnson, 42 Mo., 74; McClelland vs. Reynolds, 49 Mo., 312.)

And if the instrument is so uncertain in its terms as to throw the matter in doubt, whether the principal or agent is to be held bound, such uncertainty may be obviated by the introduction of parol testimony. (Musser vs. Johnson, *supra;* Shuetze vs. Bailey, *supra;* Smith vs. Alexander, 31 Mo., 193; Washington M. & F. Ins. Co. vs. St. Mary's Seminary, 52 Mo., 480; *Id.,* 556.)

And this explanation of a patent ambiguity by no means contravenes the rule as to varying or controlling a written contract. (See above authorities.)

The evidence offered, then, by defendants for this purpose, was not inadmissible. Nor was there anything in the objection taken, that as Tobler, one of the original parties to the contract, was dead, the members of the congregation could not testify by reason of that fact. The witnesses introduced were not parties to the suit, and therefore did not in this regard fall within the statutory inhibition. (Looker vs. Davis, 47 Mo., 140.)

The judgment is affirmed; the other judges concur.