STATE *ex rel.* F. A. SEELY, Plaintiff in Error, *vs.* W. C. HUFF, CLERK OF BOARD OF EDUCATION, TOWNSHIP 86, ETC., Defendant in Error.

1. *School warrants not negotiable.*—An order on the township clerk for the payment of money for school purposes (see Wagn. Stat. 1248, ¿ 29) is not negotiable ; and any defense is available against an indorsee which would have been as between the original parties.

2. *School warrants—Death of payee—Testimony of district clerk—Witness act.*—On *mandamus* against the clerk of a township board of education, to enforce the payment of a school warrant, where the defense was that certain furniture etc., for which the warrant was issued, was never furnished, the district clerk upon whom the warrant was drawn was held not to be rendered incompetent as a witness under the statute (Wagn. Stat. 1372, ¿ 1) by the death of the alleged vendor, who was the payee and plaintiff's indorser, since the vendor was not a party to the suit, and the clerk was not an original party to the contract.

### *Error to Vernon Circuit Court.*

*McAfee & Claycomb, with Clark & Gray,* for Plaintiff in Error, cited : Wagn. Stat. p. 1372, § 1 ; p. 216, § 15 ; Story Prom. Notes, 6 ed. p. 30, § 26 ; p. 50, § 43 ; p. 51, § 44 ; Bayl. Bills, 5 ed. p. 22, § 6 ; Chit. Bills, 8 ed. ch. 5, pp. 158, 159, 180 ; Buller vs. Crips, 6 Mod. 29 ; Ryland vs. Brown, 2 Head [Tenn.], 270.

*Scott & Stone,* for Defendant in Error, cited : Looker vs. Davis, 47 Mo. 140 ; McGee vs. Larrimore, 50 Mo. 425 ; McClellan vs. Reynolds, 49 Mo. 312 ; 3 Kent Com. 11 ed. 92 ; 2 Whart. 233 ; Dyer vs. Covington, 19 Penn. 200 ; Raigauel vs. Ayliff, 16 Ark. 594 ; West vs. Foreman, 21 Ala. 400 ; Kinney vs. Lee, 10 Tex. 155.

SHERWOOD, Judge, delivered the opinion of the court.

This is a proceeding by mandamus, instituted under §§ 14 and 29 (pp. 1244, 1248, Wagn. Stat.), against the clerk of a township board of education, to compel a compliance with the duties those sections enjoin.

The basis of this procedure is an alleged school warrant in this form :

$77.00                                    July 1st, 1870,

Treasurer of Township No. 36, Range 29, County of Vernon, State of Missouri : Pay to W. A. Smith, or order, the sum of seventy-seven dollars, with ten per cent. interest from date until paid, for school merchandise furnished sub-district No. 1 of said township.    W. A. Harris, District Clerk, Post office, Nevada City, Mo.                                    J. A. NEAFERS.

Smith indorsed in blank the above instrument to the company whose treasurer is the relator in the present proceedings.

The return to the alternative writ, among other things, alleged that there was an entire failure of consideration of the warrant referred to, that the "school merchandise" therein mentioned was never furnished, and that the promises of Smith to deliver the furniture contracted for, consisting of a chair, desk, maps, etc., were false and fraudulent, and made with the view and intent to cheat the local directors.

On the final hearing the failure of consideration was indisputably established.

The position taken here by relator that evidence was inadmissible to show lack of consideration is clearly untenable.   This is apparent from this consideration : that it was not a negotiable instrument.   The law respecting orders of the character under discussion, does not clothe them with any of the attributes of negotiability, nor allow them to bear interest.   While no form is prescribed, yet the statute distinctly prohibits any order from being paid, unless it state in whose favor drawn, for what purpose, on what fund, and the amount to be paid ; (§ 29, *supra*), so that it is by no means clear, even if no failure of consideration had been proven, that the relator would have been entitled to compulsory process with respect to the instrument in question.   But be this as it may, we are satisfied both upon reason and the former adjudication of this court (McGee vs. Larrimore, 50 Mo. 425 ; McClellan vs. Reynolds, 49 Mo. 312) that an order on the township clerk for the payment of money is not negotiable, was never designed by the law makers to possess any such characteristic ;

19—VOL. LXIII.

and therefore, that any defense could be made against the claims of an indorsee as would have been available in first hands.

It is further insisted for the relator, that Harris, whose name is signed to the paper in controversy, should not have been permitted to testify in regard to a failure of consideration for the reason that Smith, the payee, was dead. There was no evidence offered of Smith's death; and had there been, this must present no obstacle whatever to Harris' testimony, as Smith was not a party to the suit, and Harris, the witness, was not one of the original contracting parties. (Looker vs. Davis, 47 Mo. 140; Klosterman vs. Loos, 58 Mo. 290.)

For the foregoing reasons the judgment of the lower court, refusing a peremptory writ, must be affirmed. All the judges concur.