HAGER <em>v.</em> RICE.

If a bill of exchange is complete in itself, free from any latent ambiguity, obviously carrying its passport upon its face, there is no need of oral testimony to aid in its exposition. Where there is a latent ambiguity, as between the original parties to the bill and others affected with notice, the real nature of the transaction may be investigated. (*Tannatt* v. *National Bank*, 1 Col. 278, disapproved.)

<em>Error to County Court of Arapahoe County.</em>

Messrs. CHARLES & DILLON, for plaintiff in error.

Mr. JOHN W. HORNER and Mr. D. J. HAYNES, for defendant in error.

THATCHER, C. J. This was an action in assumpsit, brought by Stephen A. Rice against Frederick D. Hager, upon two certain bills of exchange, in the following form:

"$309.                    DENVER, COL., 22*d June*, 1874.

Ninety days after date, pay to the order of S. A. Rice, three hundred and nine dollars, value received, and charge the same to account of

Boulevard and Sloan Lake Steam Navigation Company.

By WM. ANDERSON, *Pres't.*

To F. D. HAGER, *Treas.*

Denver, Colorado."

"$309.                    DENVER, COL., 22*d June*, 1874.

Sixty days after date, pay to the order of S. A. Rice, three hundred and nine dollars, value received, and charge the same to account of

Boulevard and Sloan Lake Steam Navigation Company.

By WM. ANDERSON, *Pres't.*

To F. D. HAGER, *Treas.*

Denver, Colorado."

Written across the face of each bill are the words, "Accepted, F. D. Hager, Treas."

Upon these bills of exchange, the plaintiff sought to charge the defendant individually; and, in the court below, recovered judgment for the amount due thereon. In his third plea, the defendant substantially alleges, that he was the treasurer of the company; that he was authorized, and it was his duty as such treasurer, to pay out all moneys in his hands, belonging to said company, on its order, and to accept, as its treasurer, by the name and style of F. D. Hager, Treas., all orders or bills of exchange, drawn by said company on its treasurer, and to pay the same when due, if he had sufficient funds of the company in his hands, of all which the plaintiff *had notice;* that said bills of exchange were given for an indebtedness, due from the company to the plaintiff; that he, to the knowledge of the plaintiff, accepted the same as treasurer of the company, and not otherwise; that when the bills became due, there was no money of the company in his hands. To this plea the court sustained a general demurrer. The allowing of

the demurrer is the chief error relied upon for the reversal of the judgment.

If a bill of exchange is complete in itself, free from any latent ambiguity, obviously carrying its passport upon its· face, there is no need of oral testimony to aid in its exposition. The clear and intelligible terms of such an instrument may not be explained by extrinsic evidence. This is a familiar rule, of constant application in the interpretation of written contracts. Can it be said that the drafts in question belong to this class? That upon their face, it is proclaimed to the world, that Hager was acting in his individual capacity, in accepting them? Or rather, would not the more natural construction be, that these drafts were drawn by the principal, the company (whose name appears on the face of the instrument), by its president, upon its treasurer as such? Giving to each word its appropriate meaning, considering each instrument in every part and as a whole, and having reference to well-established commercial usage, as to the mode of drawing bills of exchange by a corporation upon itself, we do not hesitate in our conclusion, that the drafts in controversy must have been understood, especially if the averments in the third plea are true, as having been accepted by the treasurer as such, and not as an individual. But, keeping in view the assignment of errors, it is unnecessary to decide, whether, upon the face of the drafts, the acceptance by Hager is *prima facie* only an acceptance by him in his official capacity.

The defendant assumed by his third plea the burden of proving, and at the trial offered to introduce evidence to establish the character of the acceptance, and that the plaintiff, at the time the acceptance was indorsed, had knowledge of the facts set up in the plea, and regarded the drafts as solely the obligations of the company. The case of *Babcock et al.* v. *Beman*, 11 N. Y. 200, is in point. In that case, Babcock and others brought an action against Beman, as indorser of a promissory note, executed by Adam Smith & Co., and made payable to the order of Beman. The note was in the following form :

"Four months after date we promise to pay to the order of R. Beman, Treas., five hundred dollars, value received.

ADAM SMITH & Co."

Indorsed, "R. BEMAN, Treasurer."

The defendant plead that he was the treasurer of the Union Manufacturing Company at Raritan, a corporation created under the laws of New Jersey, and, as such, had authority to receive the note, and indorse it to the plaintiffs, of which they had notice; that the company was indebted to the plaintiffs for goods sold; that the defendant, having received the note as treasurer of the company, indorsed it as treasurer, and not individually; and that the plaintiffs received it, as an obligation of the company, on account of said debt, and not otherwise. Upon demurrer, the court held the defense good. Upon appeal, the judgment of the lower court was affirmed; the appellate court holding, substantially, that the plaintiffs, having received the note on account of a debt due them from the corporation, *with notice* of the capacity in which Beman acted, no individual liability attached to him as indorser of the note.

The case before us, upon the faces of the bills sued on, is certainly stronger than the one cited. Here the bills were drawn by William Anderson, president of the company. When paid, their amount was to be "charged to the account of the company." They were drawn upon and accepted by F. D. Hager, as treasurer. The concurrence of all these circumstances would appear to evince that the bills were solely the bills of the company, and to be paid out of company funds; and would seem to exclude the idea of the personal liability of Hager. The acceptance by Hager, as treasurer, may be deemed as a promise, that, on the day named, the company would, through its treasurer, pay the amount of the bills. This is especially true, if the fact that Hager was acting in behalf of the company as its treasurer, in accepting the bills of exchange, was known to Rice, or if, under all the circumstances, he was bound to take notice that he was acting in an official capacity only.

Where there is a latent ambiguity, as between the original parties to a bill of exchange and others affected with notice, especially where the name of the principal is in some manner disclosed upon the face of the instrument, we deem the true rule to be, that the real nature of the transaction may be investigated ; and the general principle applies, that an agent is not liable to be sued, upon contracts made by him on behalf of his principal. Edwards on Bills and Promissory Notes, 82 ; *Hicks* v. *Hinde*, 9 Barb. 528 ; *Rich. Fred. & Pot. R. R. Co.* v. *Smead & Smith*, 19 Gratt. 354; *Haile et al.* v. *Pierce*, 32 Md. 327 ; *McClellan* v. *Reynolds*, 49 Mo. 312 ; *Musser* v. *Johnson*, 42 id. 74   *Hovey* v. *Magill*, 2 Conn. 680.

If the allegations of the third plea are true, it follows from the principles here laid down, that the plea presented a complete defense to the action. The court erred in sustaining the demurrer.

As the other errors assigned were not urged at the hearing, it is not thought necessary to notice them. The views here expressed are not in accord with the majority opinion of the court, in *Tannatt* v. *Rocky Mountain National Bank*, 1 Col. 278. We cannot assent to the doctrine there laid down — a doctrine whose tendency is to defeat rather than effectuate the intention of the parties to written contracts.

The judgment of the court below is reversed, and the cause remanded, for further proceedings, not inconsistent with this opinion.

*Reversed.*