### H. G. POWERS

*v.*

### A. G. BRIGGS *et al.*

</div>

1. PROMISSORY NOTE — *in what capacity maker liable.* Where the names of the principal and agent both appear upon an instrument, it will be held to be the bill or note of him who signs it, unless it satisfactorily appears that he signed it in a mere ministerial character, intending to bind another.

2. Where the makers of a note describe themselves in the body of it as the trustees of a society, and also sign the note as trustees, but there are no words used implying an undertaking on the part of the society, and the society is not assumed to be acting through the makers, and they do not appear to act for or on behalf of the society, the makers are personally liable.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. MELVILLE W. FULLER, and Mr. JOHN MORRIS, for the appellant.

Messrs. AYER & KALES, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Suit was brought on two promissory notes, for $600 each, one payable in one year and the other payable in two years

494 POWERS *v.* BRIGGS *et al.* [Sept. T.

Opinion of the Court.

from date, but, in other respects, precisely the same in form. That payable in one year from date is as follows:

"$600.                              CHICAGO, *May* 17, 1870.

One year after date, we, the trustees of the Seventh Presbyterian Church, promise to pay to the order of H. G. Powers six hundred dollars, value received, with interest at six per cent per annum.

<div style="text-align:center">

A. H. BRIGGS,
LOUIS B. KELLEY,
JOHN CORBETT,
F. D. MARSHALL,
*Trustees.*"

</div>

Evidence was admitted by the court below, over the plaintiff's objection, showing that, at the time the notes were executed, the defendants were trustees of the Seventh Presbyterian Church of Chicago, and that the notes were given for the difference in value between church organs which they had exchanged.

The court gave judgment for the defendants, and the correctness of that judgment depends upon the single question, whether the notes bind the defendants individually or only the corporation of which they were trustees.

The authorities are not entirely harmonious on the question, but, after a careful examination of the numerous cases cited in the elaborate briefs filed by the respective counsel, our opinion is, the court erred in finding that the defendants were not individually liable on the notes.

The general rule appears to be, where the names of the principal and agent both appear upon the instrument, it will be held to be the bill or note of him who signs it, unless it satisfactorily appears that he signed it in a mere ministerial character, intending to bind another. "Unless," said Lord ELLENBOROUGH, in *Leadbetter* v. *Farmer*, 5 M. & S. 345, "he says plainly, 'I am the mere scribe,' he will be bound."

The rule is thus stated by SHAW, C. J., in *Bradlee* v. *Boston*

*Glass Co.* 16 Pickering, 350: "As the forms of words in which contracts may be made and executed are almost infinitely various, the test question is, whether the person signing professes and intends to bind himself, and adds the name of another to indicate the capacity or the trust in which he acts, or the person for whose account the promise is to be made; or whether the words referring to the principal are intended to indicate that he does a ministerial act in giving authenticity to the act, promise and contract of another. Does the person signing apply the executive hand as the instrument of another or. the promising and engaging mind of a contracting party?" See also, *Morrell* v. *Codding*, 4 Allen, 403; *Leach* v. *Blow*, 8 Smedes & Marshall, 228; *Chick* v. *Trevett*, 20 Maine, 462; *Fogg* v. *Virgin*, 19 id. 252; *Sturdevant* v. *Hull*, 59 id. 172; *Barker* v. *M. F. Ins. Co.* 3 Wendell, 94; *Hills* v. *Bannister*, 8 Cowen, 31; *Moss* v. *Livingston*, 4 Comstock, 208; *Dewitt et al.* v. *Walton*, 5 Selden, 571; *Savage* v. *Rix et al.* 9 New Hampshire, 263; *Tucker Manufacturing Co.* v. *Fairbanks et al.* 98 Mass. 103.

Testing these notes by this rule, it would seem clear they are binding only on the defendants as individuals. Although the words, "the trustees of the Seventh Presbyterian Church," appear in the body of the notes, and the word "trustees" is appended to the defendants' signatures, there are no words used implying an undertaking on the part of the corporation. The corporation is not assumed to be acting by or through the defendants, nor does it even appear the defendants act for or on behalf of the corporation. The language clearly indicates that the defendants were trustees when they signed the notes, but not that the corporation promised to pay them.

Nor do we consider the facts proved here, outside of what appears on the face of the papers, change the result. True, they show plaintiff knew the defendants were trustees, and that the consideration of the notes was the church organ, but it does not follow from this that the plaintiff was giving credit to the corporation, or that he knew the defendants

intended, by the notes, that he should do so, and there is no other evidence tending to show that he gave credit to the corporation. It was not unreasonable that the defendants, having the charge and control of the finances of the corporation, and being acquainted with its resources, would give their paper for property for the corporation, intending to protect themselves against loss, from its funds, and the notes themselves are the most satisfactory evidence that they did do so.

In this view of the case, it is unnecessary to express any opinion as to the admissibility of the parol evidence.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE SCOTT and Mr. JUSTICE SHELDON dissent.