JACOB H. LITTLE, Admr.

*v.*

FREDERICK W. BAILEY *et al.*

87  239
71a 329

1. CONTRACT—*whether creating individual or corporate liability.* A promissory note reciting that "the trustees of" a certain church, "as such trustees, promise to pay," etc., and signed by five persons, with the words, "as trustee," etc., after each name, shows clearly an undertaking by the corporate body, and there is no individual liability thereby created.

2. RELIGIOUS SOCIETY—*contracts of, how made.* The trustees of a religious society, incorporated under the Revised Statutes of 1845, are the corporate body, and they alone can act for and bind the society by the assumed name. The trustees should sign their names as trustees of the church, giving the name adopted.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

The note on which judgment was confessed in this case is as follows:

"$11,000.                    *Chicago, April* 17, 1871.

"Five years after date, for value received, the trustees of the Third Unitarian Church of Chicago, as such trustees, promise to pay to Abner Reeves, or order, at the Manufacturers' National Bank, with exchange on Boston, Mass., the sum of $11,000, with interest at the rate of eight per cent per annum, payable semi-annually, at the place above named, on the 17th days of April and October, in each and every year, until said principal sum is paid, which interest installments are further evidenced by ten interest coupon notes, of even date herewith.

"And the trustees of the Third Unitarian Church of Chicago, as such trustees, agree that if default be made in the payment of any one of the interest installments, at the time and place the same becomes due, as above, and if said default shall continue ten days thereafter, then, if the legal holder of said principal note shall so elect at any time after said ten

days, the principal sum of $11,000 shall at once, and without notice of such election made, become due and payable.

"F. W. BAILEY,

"*As Trustee of the Third Unitarian Church of Chicago.*

"J. M. WANZER,

"*As Trustee of the Third Unitarian Church of · Chicago.*"

The names of the three other trustees, W. H. Crocker, H. H. Hoffman and Geo. W. Wilson, were signed in precisely the same way as the two above. This was accompanied by a power of attorney, in the usual form, to confess a judgment. This instrument, in its mode of execution, is the same as the note. The judgment was confessed in the name of Jacob H. Little, administrator of the estate of Abner Reeves, deceased. The other facts appear in the opinion.

Messrs. WAITE, CLARKE & DORMAN, for the appellant.

Messrs. TULEY, STILES & LEWIS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Superior Court of Cook county, wherein complaint is made that the court vacated a judgment which had been entered by *cognovit* in favor of the plaintiff, appellant here, and against Frederick W. Bailey and others named therein, defendants, on the ground a personal judgment was entered, when the true and proper judgment should have been entered against them in their corporate capacity as trustees of the Third Unitarian Church of Chicago, claiming it was in this capacity, only, they executed the note and warrant of attorney. This is to be tested by three instruments, and a reference to them satisfactorily shows the undertaking of defendants was in their corporate capacity only. They show very clearly the parties who signed these papers did so not as individuals, incurring thereby an individual liability, but as a corporate body, acting by and through trustees, and therein the case differs essentially from the cases of *Powers* v.

*Briggs,* 79 Ill. 493, and *Burlingame* v. *Brewster,* id. 515, cited by appellant.

In the first case cited *supra,* the note was as follows: "One day after date, we, the trustees of the Seventh Presbyterian Church, promise to pay," etc., signing their individual names, appending thereto, after the last name, the word, "trustees." It was held an individual undertaking, as there were no words implying an undertaking on the part of the corporation.

In this case, the face of the papers, their structure and all that appertains to them, show a corporation was acting: "Five years after date, for value received, the trustees of the Third Unitarian Church of Chicago, as such trustees, promise," etc., and so in the recitals in the warrant of attorney, clearly showing the undertaking was as trustees, and in no other capacity.

An inquiry into the nature of this religious society will suffice to show instruments of writing by it could not be legally executed by it in any other form, to bind the corporation, than the one here adopted and used. By the act of 1845, which was in force when these papers were executed, it is provided, in the 44th section, that any religious society or congregation may assume a name and elect or appoint any number of trustees of such society, who shall be styled trustees of such society, by the name aforesaid; and the title to the land purchased and improvements made shall be vested in the trustees, by the name and style assumed. Section 46 provides that such trustees and their successors shall have perpetual succession and existence, and hold the title to lands, etc., and shall be capable, in law, of suing and being sued, by the name and style assumed. Rev. Stat. 1845, p. 120.

It will be seen, from these provisions, the trustees of the religious society are the corporate body, with perpetual succession, and they alone can act for the society, by the assumed name. This was so held in *Ada Street M. E. Church* v. *Garnsey,* 66 Ill. 132.

The note in controversy was executed for the church in the

only proper manner—by the trustees. This transaction is clearly a transaction of the Unitarian Church, by their trustees, and imposes no liability on any one of the trustees.

The court did right in setting aside the confession of the judgment on the *cognovit,* and the judgment is affirmed.

*Judgment affirmed.*