## PAUL W. GILLET ET AL.

### v.

## THE NEW MARKET SAVINGS BANK.

1. PROMISSORY NOTE—EXECUTED BY CORPORATION.—A promissory note written "We the trustees of the First Free Will Baptist Society," etc., and signed by the corporate name of the society, and also by the individual names of the trustes, is the note of the corporation and not the individual note of the trustees.

2. OFFICERS NOT LIABLE INDIVIDUALLY.—A proper mode of executing a corporate contract is for the officers or agents who may act in the premises, to subscribe the name of the corporation, followed by their own official signatures. Where a note is executed by writing the full corporate name of the society, and opposite thereto the individual names of the trustees, and connected therewith by a brace, it is an official execution of the note.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed December 13, 1880.

Mr. W. H. HOLDEN, for appellant Gillet; for instances where the signing had been held to create an individual liability, cited Powers v. Briggs, 79 Ill. 493; Leadbetter v. Farrow, 5 M. & S. 345; Bradlee v. Boston Glass Co. 16 Pick. 350; 20 Me. 462; 19 Me. 352; 59 Me. 172; 3 Wend. 172, 8 Cow. 32; 4 Com. 208; 9 N. H. 263; 98 Mass. 103.

This is not the individual note of the signers: Andrews v. Estes, 2 Fair. 267; Mann v. Chandler, 9 Mass. 335; Barlow v. Cong. Soc. 8 Allen, 460; Johnson v. Smith, 21 Conn. 627; Draper v. Mass. S. H. Co. 5 Allen, 339; Fiske v. Eldredge, 12 Gray, 474; Fuller v. Hooper, 3 Gray, 334; Waugh v. Suter, 3 Bradwell, 274; Abbey v. Chase, 6 Cush. 56; Page v. Wright, 14 Allen, 182; Tripp v. Swazey Co. 13 Pick. 291; Lefts v. York, 4 Cush. 371; Shelton v. Darling, 2 Conn. 435; Henry v. Magill, 2 Conn. 680; Magill v. Hinsdale, 6 Conn. 465; Rathbon v. Bridlong, 15 Johns. 1; Bank of A. v. Breillat, 6 Moore, 152; Lewis v. Nicholson, 18 Q. B. 503; Green v. Kopke, 18 C.

B. 549; Brockway v. Allen, 17 Wend. 40; Drake v. Llewellen 33 Ala. 106; Lazarus v. Shearer, 2 Ala. 718; Lee v. M. E Church, 52 Barb. 116; Stanton v. Camp, 4 Barb. 274; Blanchard v. Kaull, 44 Cal. 440; Pitman v. Kintee, 5 Blackf. 250; Carpenter v. Farnsworth, 106 Mass. 561; Dow v. Moore, 47 N. H. 419; Haskell v. Cornish, 13 Cal. 45; Randall v. Van Vechten, 19 Johns. 60; Long v. Coburn, 11 Mass. 97; Keys, Ex'r, v. Parahan, 6 Har. & J. 418; Hall v. Pierce, 35 Md. 327; Melledge v. Boston Iron Co. 5 Cush. 158; Minard v. Mead, 7 Wend. 68; Story on Promissory Notes, § 67; Ballou v. Talbot, 16 Mass. 461.

This note is properly signed as the note of the corporation: Lombard v. Sinai Cong. 64 Ill. 477; Ada St. Church v. Garnsey, 66 Ill. 132; Little v. Bailey, 87 Ill. 240.

It was competent to show that the defendants were trustees of the society, and the note was made as a corporate act: Mech's Bank v. Bank of C. 5 Wheat. 326; Lazarus v. Shearer, 2 Ala. 718; Allan v. Brockway, 17 Wend. 40; Lee v. M. E. Church, 52 Bard. 116; Horton v. Garrison, 23 Barb. 176; Haskell v. Cornish, 13 Cal. 45; Paschall v. Union Bank, 9 La. An. 484; Stookey v. Hughes, 18 Ill. 55; Bowles v. Lambert, 54 Ill. 237; W. U. R. R. Co. v. Smith, 75 Ill. 496; Drake v. Llewellen, 33 Ala. 106; Haight v. Suhler, 30 Barb. 218; Winship v. Smith, 61 Me. 118; McClellan v. Reynolds, 49 Mo. 312.

It is improper to instruct the jury that they may rely upon one piece of evidence and disregard another: Clement v. McConnell, 14 Ill. 154; Peoria Ins. Co. v. Frost, 37 Ill. 333; Hubner v. Feige, 90 Ill. 212.

The manner in which a personal obligation may be avoided when the act is done by an officer or agent, is not settled, but the intention governs where it can be gathered from the form of the instrument: Stobie v. Dills, 62 Ill. 432; N. W. D. Co. v. Brant, 69 Ill. 658; Hancock v. Yunker, 83 Ill. 208; Little v. Bailey, 87 Ill. 240.

Mr. W. T. BURGESS, for appellee; that the signers of the note are liable individually, cited Powers v. Briggs, 79 Ill. 493; Burlingame v. Brewster, 79 Ill. 515 ; Little v. Bailey, 87 Ill. 239.

BAILEY, J. This was an action of assumpsit, brought by the Newmarket Savings Bank upon the following promissory note:

"8,300.00. CHICAGO, 20 January, 1870.

"Eighteen months after date, we, the trustees of the First Free Will Baptist Society of Chicago, promise to pay James Longley or order, eight thousand three hundred dollars, with interest thereon, semi-annually, at the rate of ten per cent. per annum, payable at the Commercial National Bank of Chicago, Ill.

"Trustees of the First Free Will Baptist Society of Chicago, Ills. {
"AARON P. DOWNS.
"PAUL W. GILLET.
"JOHN G. ELKINS,
"BENJAMIN CHASE,
"HIRAM WATTS,
"PLEASANT AMICK,
"WILBUR F. BEHEL,
"HENRY G. RICHWALD.
"JOHN A. BARTLETT."

The suit was brought against the several persons who signed said note, individually, except Aaron P. Downs, who was deceased.

Gillet, the only defendant who was served with process, appeared and pleaded the general issue, and a plea denying the execution of the note declared on, both verified by affidavit, and also several special pleas. At the trial the plaintiff, after proving the signature of defendant Gillet, offered the note as evidence, and the court, against the objection and exception of the defendant, permitted it to be read. The plaintiff also, for the purpose of explaining certain indorsements appearing on the note, read in evidence a deed of trust executed by the trustees First Free Will Baptist Society of Chicago, conveying to a trustee certain real estate to secure said note, and then rested its case.

The defendant then offered to introduce various matters of extrinsic evidence, tending to show that said note was intended to be, and in fact was, the note of said society, and not the individual note of the persons whose names appear subscribed thereto. The court excluded this evidence, and instructed the jury as follows:

"The court instructs the jury, that upon the note in evidence before them, the defendant Gillet, is individually liable for the payment thereof, and that the trust deed in evidence does not vary the liability of said Gillet upon said note."

In obedience to this instruction, the jury found the issues for the plaintiff and assessed the plaintiff's damages at $1,857.-69. The court, after overruling the defendant's motion for a new trial, rendered judgment against him on the verdict.

The view we are disposed to take of the case, renders it unnecessary for us to determine whether the evidence offered on behalf of the defendant, should have been admitted or not. If the note in suit appears, on its face, to be the note of the corporation therein named, and not the individual note of the trustees, extrinsic evidence tending to give it such character, even if admissible, was wholly unnecessary. Looking, then, only at what is expressed upon the face of the note, who must be held to be the promising party ?

The decisions arising upon contracts executed by agents, are somewhat conflicting, but such conflict does not seem to arise so much out of a difference of opinion as to the general rules by which those contracts are to be interpreted, as out of the application of those rules to the peculiar and often widely diverse circumstances of different cases. In fact, each case is, to a very great extent, to be determined by its own circumstances, and one cannot become a controlling precedent for another, unless the facts are substantially identical.

It is conceded by all the authorities, that where an agent signs a note with his own name alone, and there is nothing on the face of the instrument to show that he was acting as agent, he will be personally liable thereon, and the principal will not be liable. 1 Pars. on Notes and Bills, 93; Story on Prom. Notes, Sec. 68. The difficulty arises where the names of both the agent and principal appear upon the face of the note. It then becomes a question of intention to be determined from an inspection of the entire instrument, whether the agent intended and undertook to contract for his principal, or merely for himself alone.

In Powers v. Briggs et al. 79 Ill. 493, the Supreme Court

deduced from the authorities the following rule of construction, as applicable to instruments of this character: "Where the names of the principal and agent both appear upon the instrument, it will be held to be the bill or note of him who signs it, unless it satisfactorily appears that he signed it in a mere ministerial character, intending to bind another." As a further elaboration of the rule, the court cite and approve the following passage from the opinion of Shaw, C. J., in Bradlee v. Boston Glass Co. 16 Pickering, 350: "As the forms of words in which contracts may be made and executed are almost infinitely various, the test question is, whether the person signing professes and intends to bind himself, and adds the name of another to indicate the capacity or trust in which he acts, or the person for whose account his promise is made; or whether the words referring to a principal are intended to indicate that he does a mere ministerial act, in giving effect and authenticity to the act, promise and contract of another. Does the person signing apply the executing hand as the instrument of another, or the promising and engaging mind of a contracting party?"

Entirely consistent with the foregoing principles, is the following statement of the rule by Mr. Story: "If it can, upon the whole instrument, be collected, that the true object and intent of it are to bind the principal and not to bind the agent, courts of justice will adopt that construction of it, however informally it may be expressed. "Story on Prom. Notes, Sec. 69.

Let us apply these rules to the present case. The name of the corporation on behalf of which the defendant claims to have acted in executing the note in question is, "Trustees of the First Free Will Baptist Society of Chicago." This is the name given it by the statute, and the name by which, and by which alone, it may sue and be sued, take and convey real estate, enter into contracts, and perform other corporate acts. Gross Stat. 110, Sec. 1; Lombard v. Chicago Sinai Congregation, 64 Ill. 477; Ada Street M. E. Church v. Garnsey, 66 Id. 132; Little v. Bailey, 87 Id. 239. This corporate name appears in full, both in the body of the instrument and in the signature. Is it so used by way of designating or naming the corporation

as a contracting party, or merely as a *descriptio personarum* of the members of the corporation ?

First, as to the corporate name as it appears in the body of the note. It is true the promisors are first designated by the pronoun "we," a word which, unaccompanied by any explanation or limitation, would probably be understood as denoting natural persons in their individual capacity. But it may also be used, with equal propriety, as denoting a corporation aggregate. The trustees of an incorporated religious society, who themselves constitute that ideal legal entity known as a corporation, may, with entire propriety, use the terms "We, the trustees," etc., as descriptive of the corporation of which they are members. In fact, where the pronoun is used, followed immediately by the full corporate name of the society, the ordinary understanding would be that the corporation was speaking, and not the individual corporators. Had the language been, " We, the Ætna Insurance Company," or " We, the First National Bank of Chicago," no possible doubt could exist that the party speaking would have been the corporation and not the members of the board of directors, or the individual officers. How can the construction be different where the language is, " We, the trustees of the First Free Will Baptist Society of Chicago," etc.? It is equivalent to saying, " We, the corporation," etc.

The ambiguity, if any exists, grows out of the fact that the statutory name of the party includes, as a part of the word " trustees," which is a word also descriptive of the members and officers of the corporation in their individual capacity. But this ambiguity is the fault, not of the parties, but of the statute. The corporate name, just as it is, is imposed and regulated by law, and the corporation has no power to assume another in its stead. Had the statutory name been "The First Free Will Society of Chicago," and the form of the promise, " We, the First Free Will Baptist Society of Chicago, promise to pay," etc., can there be any doubt that the promise would have been that of the corporation, and not the individual promise of its members? Upon precisely the same principle, the promise in the note as it stands, is the promise of the corporation.

Passing from the body of the note to the form of its execution, it is equally apparent that the signature is the proper signature of the society. A corporation cannot execute a note in person, but must act in that as in all other matters, by its officers or agents. A proper mode of executing a corporate contract, is for the officers or agents who may act in the premises, to subscribe the name of the corporation, followed by their own official signatures. The trustees, in executing the note in question, wrote the full corporate name of the society, and opposite said name, and connected therewith by a brace, they wrote their own individual names. This was an execution of the note officially, and not as individuals.

In Lombard v. Chicago Sinai Congregation, *supra*, the Supreme Court held, that the proper mode for the trustees of an incorporated religious society to execute a deed conveying the lands of the corporation, is to append thereto their own signatures, followed by their official style. All of this was observed in the execution of this note, and it would seem scarcely necessary to observe any greater formality in executing a promissory note than is required in the execution of a deed of real estate.

This case is clearly distinguishable from Powers v. Briggs et al. *supra*. In that case the full name of the corporation did not appear, either in the body of the note or in the signature. The corporate name was "Trustees of the Seventh Presbyterian Church of Chicago." In the body of the note, the promisors were described in these words : "We, the trustees of the Seventh Presbyterian Church," and the note was executed by signing the individual names of the trustees, followed simply by the word "trustees." It did not satisfactorily appear, either in the body or signature of the note that, in its execution the defendants acted for or on behalf of the corporation.

As the note in this case was the note of the society, and not the individual note of the trustees, there is no view of the case upon which the defendant can be held liable thereon, and the judgment will accordingly be reversed.

Judgment reversed.