La Salle National Bank of La Salle v. Tolu Rock and Rye Co.

## LA SALLE NATIONAL BANK OF LA SALLE

### v.

### TOLU ROCK AND RYE COMPANY.

1. NEGOTIABLE INSTRUMENT — AMBIGUITY — PAROL EVIDENCE.— Where there is an ambiguity on the face of an instrument which purports to be executed in some representative capacity, rendering it doubtful whether the person signing means to bind himself, or only to bind a corporation or body of which he is the authorized agent, parol evidence is admissible as between the parties to prove extrinsic circumstances by which the respective liability of the principal or agent may be determined, especially in cases where the intention to bind the one or the other was known to the person accepting the instrument at the time of acceptance.

2. PAROL EVIDENCE TO EXPLAIN AMBIGUOUS DRAFT.—An action of assumpsit brought by appellant, a bank, as indorsee and holder of a bill of exchange drawn by the De Steiger Glass Co. on appellee's company. The instrument was as follows: "Manufacturers of window glass, etc. Office of the De Steiger Glass Company, La Salle, Ill., Dec. 13, 1882. Thirty days after date, pay to the order of ourself eight hundred and twenty-five dollars, with exchange, value received, and charge the same to account of Phil. R. De Steiger, Pres't. To the Tolu Rock & Rye Co., Chicago, Ill." Written across the face was appellee's acceptance, and it was indorsed, "Pay to the order of La Salle National Bank. De Steiger Glass Co., Phil. R. De Steiger, Pres't." Appellant upon the trial introduced the draft in evidence, to the introduction of which appellee objected, on the ground that it was not the draft of the company, that it had never been indorsed by De Steiger, the drawer, and that there was a variance between the instrument declared on and the one offered in evidence. Appellant then offered parol evidence to prove extrinsic circumstances by which the liability of the Glass Co. could be determined, and to prove that the intention to bind the company and not the president was known to appellee at the time of accepting the draft.

Appellant then offered the draft in evidence, with such parol evidence, which was rejected. *Held*, that the court erred in rejecting the parol evidence offered in connection with the draft, and that the draft and parol evidence, taken together, were sufficient to make a *prima facie* case for appellant.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed February 12, 1884.

This was assumpsit brought by the La Salle National Bank as indorsee and holder of a bill of exchange, alleged to have been drawn by the De Steiger Glass Company on the Tolu Rock and Rye Company, and accepted by the latter. The instrument was as follows:

"$825.00.

|  |  |
|---|---|
| Manufacturers of Window Glass, Glass Ware, Fruit Jars, &c. | "Office of De Steiger Glass Company La Salle Ill. Dec. 13, 1882.<br>"Thirty days after date, pay to the order of ourself eight hundred and twenty-five dollars with exchange, value received, and charge the same to account of<br>"Phil. R. De Steiger, Prest." |

"To the Tolu Rock & Rye Co., Chicago, Ill."
                    (Written across the face)
"Accepted, payable at 41 River street, Chicago.
                              "Tolu Rock & Rye Co.
                                    "F. E. Davis, Treas."
(Indorsed) "Pay to the order of La Salle National Bank.
                                    "De Steiger Glass Co.
                                "Phil. R. De Steiger, Prest."

The declaration was in the usual form, to which the defendant pleaded the general issue, also a special plea that the draft was the draft of Phil. R. De Steiger and not the draft of the De Steiger Glass Company.

Upon the trial the plaintiff offered the draft in evidence, to the introduction of which the defendant objected on the ground that it was not the draft of the company, that it had

La Salle National Bank of La Salle v. Tolu Rock and Rye Co.

never been indorsed by De Steiger, the drawer, and that there was a variance between the instrument declared upon, and the one offered in evidence. The court sustained the objection, and refused to admit the draft in evidence; whereupon the plaintiff offered to prove:

1st. That the draft was drawn by Phil. R. De Steiger, as the president of the De Steiger Glass Company.

2d. That it was within the usual function of said Phil. R. De Steiger, as president of said company, to make negotiable paper of said company.

3d. That said company has customarily negotiated and treated paper· so signed or drawn as was this draft, as the paper of the De Steiger Glass Company; and

4th. That the draft offered in evidence was drawn by said Phil. R. De Steiger, president of said glass company, as the draft of said company, and that said intention was known to the defendant in this case.

And again offered the draft in evidence in connection with such parol evidence, which the court again rejected. To which ruling of the court the plaintiff duly excepted. The plaintiff offering no further evidence, there was a verdict and judgment for the defendant; and the plaintiff appealed to this court. The assignment of errors calls in question the rulings of the court in refusing to admit the evidence offered.

Messrs. Peckham & Brown, for appellant; that as the draft was drawn to the order of "ourself," its indorsement by the company was a ratification by that company of its signature by the president, cited Melvin v. Hodges, 71 Ill. 422; Paul v. Berry, 78 Ill. 158; Conro v. Point Henry Co., 12 Barbour, 27; Fuller v. Hooper, 3 Gray, 334; Devendorf v. West Va. O., etc., Co., 17 West Va. 135.

Parol evidence was admissible to explain the draft: Hypes v. Griffin, 89 Ill. 134; Mechanics Bk. v. Bk. of Columbia, 5 Wheaton, 526; Baldwin v. Bk. of Newbury, 1 Wallace, 234; Haile v. Pierce, 32 Md. 327; Brockway v. Allen, 17 Wendell, 40; Hood v. Hallenbeck, 7 Hun, 362; West v. First Nat. Bk.,

20 Hun, 408; Hovey v. Magill, 2 Conn. 680; Hager v. Rice, 4 Colo. 90; Lazarus v. Shearer, 2 Ala. 718; May v. Hewitt, 33 Ala. 161; R. F. & P. R. R. Co. v. Snead, 19 Grat. 354; Hardy v. Pilcher, 57 Miss. 18; McClellan v. Reynolds, 49 Mo. 312.

Messrs. G. W. and J. T. KRETZINGER, for appellee; that it is not the draft of the corporation, and that the president is liable individually, cited Barker v. Mechanics Ins. Co., 3 Wend. 94–8; Taft v. Brewster, 9 Johns. R. 234; White v. Skinner, 13 Johns. R. 307; Stone v. Wood, 7 Cowen, 453; Scott v. Baker, 3 West Va. 285; Macbean v. Morrison, 1 A. K. Marshall, 545; Hills v. Bannister, 8 Cowen, 31; Powers v. Briggs, 79 Ill. 404.

As to the admission of parol evidence to explain the draft when the action against the acceptor is not brought by the president or the corporation, but a third party: Hypes v. Griffin, 89 Ill. 137.

WILSON, J. As to the action of the court in rejecting the draft when offered alone, it is unnecessary to express any opinion. The decisions upon the construction and interpretation of commercial instruments purporting to be executed by one in a representative capacity, are almost infinite in number and variety, some of them being seemingly in conflict with each other, while many are so near the border line as to make it seem they might as appropriately fall on one side as the other.

The only question we shall consider is, as to whether the draft, taken in connection with the parol evidence offered, was admissible; or, confining it within still narrower limits, was the parol evidence offered admissible, since if it was, it was ample to show that the draft was drawn as and for, and was intended to be, the company's paper, and that this was known to appellee when accepting it, and also that De Steiger had authority to bind the company thereby? We shall assume what we think must be conceded without discussion, that it is, at least, doubtful upon the face of the instrument, whether

it was intended to be the act of the company or of De Steiger individually.

We have examined with much care the adjudicated cases on this subject and have reached the conclusion both upon reason and authority, that under the conditions stated, such evidence is admissible.

The Supreme Court of the United States have repeatedly held in similar cases, that where the instrument was ambiguous on its face, rendering it doubtful whether it was intended to be the official act of the corporation or the private act of an agent, extrinsic evidence may be resorted to, to show which was intended; and that the admission of such evidence was not in violation of the rule against varying or contradicting the terms of a written instrument by parol.

In the leading case of Mechanics Bank v. Bank of Columbia, 5 Wheat. 326, an action was brought by the latter bank against the former on the following check:

"No. 18.

Mechanics Bank
of
Alexandria.

Mechanics Bank of Alexandria.
June 25, 1817.
Cashier of the Bank of Columbia.
Pay to the order of P. H. Minor, Esq.
ten thousand dollars.
$10,000.          WM. PATON, Jr."

The check was offered in evidence by the plaintiff, and in connection with it, evidence to prove that Paton, before, at the time, and subsequent to the drawing of the check, was cashier of the Mechanics Bank, and that Minor was its teller; and in order to prove that the check was drawn by Paton in his capacity as cashier, and that it was so understood by the Bank of Columbia, evidence was further offered by the plaintiff to show that from a time anterior to the time of drawing the check, there was kept in the Mechanics Bank a book of printed checks in blank, to be used by the cashier in drawing his official checks, and that the check in question had been cut out of said book. It was further shown that Paton in drawing checks, and in official correspondence, sometimes

added to his signature the letters "Cas" or "Ca." and at other times omitted them.

The defendant's counsel objected to all such extrinsic evidence, insisting that the character of the check could only be determined by the check itself, and that no parol or other evidence could be received to explain the same. The trial court overruled the objection, and held that it was competent to prove by parol that the check was drawn under such circumstances and in such a manner as justified the plaintiff in considering it the check of the bank. The Supreme Court affirmed the ruling of the court below. Speaking by Johnson, J., the court said: "The question is whether a certain act done by the cashier of a bank was done in his official or individual capacity. Had the draft signed by Paton borne no marks of an official character on the face of it, the case would have presented more difficulty. But if marks of an official character not only exist on the face but predominate, the case is a very familiar one. *   *   * It is enough for the purpose of the defendant to establish that there existed on the face of the paper, circumstances from which it might reasonably be inferred that it was either the one or the other. In that case, it became indispensable to resort to extrinsic evidence to remove the doubt."

It is claimed by appellee's counsel that the doctrine of that case must be regarded as having been subsequently overruled by the same court; but this, as will be seen further on, is a misapprehension. On the contrary, it has been expressly approved and re-affirmed in several later cases, while in the State courts it has been followed almost universally, whenever the question has been directly presented.

In Baldwin v. Bank of Newbury, 1 Wal. 234, the instrument was as follows:

"$3,500.                                    BOSTON, Dec. 9, 1853.

Five months after date, I promise to pay to the order of O. C. Hale. Esq., cashier, thirty-five hundred dollars; payable at either bank in Boston, value received.

(Signed)                     J. W. BALDWIN."

Suit was brought against the maker of the note by the Bank

of Newbury, without any indorsement of the note by Hale, the person named therein as payee. It was objected that the note declared on was not admissible in evidence under the declaration, not having been indorsed. It was conceded (subject to the opinion of the court as to its competency) that Hale was in fact cashier of the bank, and that in taking the note he was acting for the bank as its agent and cashier, and the question was, whether parol evidence was admissible to prove such facts. The Supreme Court held the evidence admissible. Mr. Justice Clifford said, " Counsel very properly admit that such evidence would be admissible in suits upon ordinary, simple contracts, but the argument is that a different rule prevails where the suit is upon a promissory note or bill of exchange. Suits in such cases, it is said, can only be maintained in the name of the person therein named as payee, and consequently, that the plaintiff bank can not be treated as such without explanatory evidence, and that parol evidence is not admissible to furnish any such explanation." After declaring the position untenable, the opinion proceeds: " It is clear that evidence may be received to show that a note given to the cashier of a bank was intended as a promise to the corporation, and that such evidence has no tendency whatever to contradict the terms of the instrument. Where a check was drawn by a person who was cashier of an incorporated bank, and it appeared doubtful upon the face of the instrument whether it was an official or a private act, this court held, in the case of the Mechanics Bank v. The Bank of Columbia, 5 Wheat. 326, that parol evidence was admissible to show that it was an official act. The signature of the drawer in that case had nothing appended to it to show that he acted in an official character, and yet it was unhesitatingly held that parol evidence was admissible to show the real character of the transaction. * * The same rule as applied to ordinary simple contracts has since that time been fully adopted by this court."

Again, in a recent case, Baldwin v. Williams, decided at October term, 1881, and reported in 14 Otto, 93, the check was as follows:

"No—.                    ALEXANDRIA, VA. Oct. 2, 1875:

The First National Bank of Alexandria, pay to the order of
A. E. & C. E. Tilton, seven thousand dollars.

   E. P. AISTROP,                    W. C. WILLIAMS,
      Secy.                              V. Prest."

Suit was brought by the payees of the note against Will-
iams personally. A default having been taken against him,
he filed a bill in equity to set the same aside on the ground
of surprise, which being satisfactorily shown, the main ques-
tion arose as to the admissibility of extrinsic evidence, to
prove that the check was the check of the Montpelier Hu-
mane Association, and not the individual check of Williams.

The case, in its essential features, was on all fours with the
case at bar except that there were fewer ear-marks of official
character on the face of the paper than on the De Steiger
draft. In a well considered opinion, Mr. Justice Bradley
said: " As to the merits of the case we agree with the court
below in holding that according to the showing of the bill,
and as between the parties, the check sued on was the check
of the association. There is nothing on its face to preclude
this construction. The bank was requested by two persons
who sign themselves as officers, one as vice-president and the
other as secretary, to pay a certain sum. Whether they made
this request as officers or as individuals is ambiguous, to say
the least. It is evident that an inquiry into the circumstances
of the case might render it certain which was intended; as,
if the bank had an account with a corporation of which these
persons were the officers designated; if they had been in the
habit of checking on the account in that form, with the knowl-
edge and consent of the corporation, and the bank had been
in the habit of answering such checks accordingly; and if all
this were known to the party taking the checks, it would be
a construction contrary to the truth to hold them to be the
personal checks of the individuals, and not the checks of the
corporation. Where a person acts merely as agent of another
and signs papers in that capacity, that is, signs them as agent,
and the party with whom he deals has full knowledge of his
agency, and of the principal for whom he acts, an express dis-

closure of the principal's name on the face of the papers, or in the signature, is not essential to protect the agent from personal liability.    It is unnecessary to determine whether the form of the document in this case was sufficient to charge innocent holders of the checks with notice of its character." The learned judge quotes with approbation the remarks of the court in the case of Mechanics Bank v. Bank of Columbia, saying they are apposite to the case before him, and adds, " The ordinary rule undoubtedly is, that if a person merely adds to the signature of his name the word ' agent,' ' trustee,' ' treasurer,' etc., without disclosing his principal, he is personally bound.    The appendix is regarded as *descriptio personœ*.    It does not, of itself, make third persons chargeable with notice of any representative relation of the signer.    But if he be in fact a mere agent, trustee or officer of some principal, and is in the habit of expressing in that way his representative character, in his dealings with a particular party who recognize him in that character, it would be contrary to justice and truth to construe the documents thus made and used as his personal obligations, contrary to the intent of the parties."

We have quoted somewhat at length from the foregoing opinions, as fitly expressing our own views, and as being, we think, founded in sound reason and justice.

Turning next to the State courts, it will be found that the prevailing current of the decisions is in harmony with those of the Federal court.

New York.    In Brockway v. Allen, 17 Wend. 40, suit was brought against certain persons, as makers of a promissory note, signed by them with the designation " Trustees of the First Baptist Society of the Village of Brockport." The defendants pleaded (1) that at the time of making the note, they were trustees of the society, that the society was indebted to the plaintiff, and that the defendants, *as such trustees*, executed the note on account of such indebtedness; (2) A like plea, omitting the averment of the society's indebtedness.    Demurrers were sustained to these pleas for certain technical defects, but the court lay down the rule, that where

individuals subscribe their proper names to a promissory note, *prima facie* they are liable personally, though they add a description of the character in which the note was executed; but such presumption of liability may be rebutted by proof that the note was in fact given by the makers, as the agents of the corporation, and that they were duly authorized to make such note, as the agents of the corporation; and such facts may be pleaded in bar of an action against the makers personally, *averring knowledge on the part of the payee.* To the same effect is White v. Skinner, 13 John. 307, cited in Barber v. Mechs. Ins. Co., 3 Wend. 94; Babcock v. Beman, 11 N. Y. 200; Bank of Utica v. Magher, 18 John. 342; Bank of Genesee v. Patchin Bank, 19 N. Y. 312, where the court state the rule thus: "As a general proposition, it is undoubtedly true that one who signs a writing as agent, trustee or president, is regarded as merely describing himself, and hence is personally liable. But when a writing is thus executed with full authority from a principal, and is received by the payee as the obligation of a principal, the party on whose account it is executed is alone liable," citing among other cases Brockway v. Allen, *supra;* White v. Skinner, 13 John. 307; Randall v. VanVetchen, 19 John. 60; Dubois v. Delaware and Hudson Canal Company, 4 Wend. 285; See also, Hicks v. Hinde et al., 9 Barb. 528; Hood v. Hollenback, 7 Hun, 408. It is unnecessary to further multiply the citation of New York cases. The only case in that State which is apparently in conflict with the cases above cited is Hills v. Bannister, 8 Cow. 31, where the defendants had signed the note in suit individually, adding to their names "Trustees of Union Religious Society, Phelps," and were held personally liable. That case was argued and decided mainly upon other grounds, and the question now under discussion was scarcely considered. Moreover, in the subsequent case of the Bank of Genesee v. Patchin Bank, the ruling in that case is expressly disaffirmed. The court, by Gray, after quoting numerous decisions to the contrary, said, "The principle decided by these cases is not in harmony with Hills v. Bannister. The cases to which I have referred have

nevertheless been followed by the Supreme Court of this State, since the reorganization of our judicial system, and the principle settled by them fully affirmed by this court."

New Jersey. In Kean v. Davis, 21 N. J. L. 683, suit was brought by the plaintiff, as indorsee, against the defendant, as drawer of certain bills of exchange, each as follows:

" $500                          ELIZABETHTOWN, Sept. —, 1841.

Six months after date, please pay to the order of the Elizabethtown and Somerville Railroad Company five hundred dollars, value received, and charge as ordered.

Your obed't serv't,

JOHN KEAN,

President Elizabethtown and Somerville R. R. Co."

The drafts were addressed to William Thompson, Esq., Somerville, N. J., and were by him accepted. They were indorsed "The Elizabethtown and Somerville Railroad Company, by John Kean, President." The question was, whether the drafts were the individual drafts of Kean or of the railroad company. The defendant offered to prove that at the date of the bills Kean was president of the Elizabethtown and Somerville Railroad Company; that the bills were drawn by him by and under the direction of the boards of directors of the company, and in pursuance of authority vested in him for that purpose; that at the time of the delivery of the bills to the plaintiffs, they were informed that the railroad company was the drawer of the bills; that the bills were intended to be the bills of the company, and that the plaintiffs took them as such. This evidence, upon objection by the plaintiffs, was ruled out by the court, thus presenting a case entirely similar in its essential features to the case at bar. In an elaborate opinion by the chief justice, concurred in by all the judges, it was held that, as it did not clearly appear on the face of the instrument whether the drawing of the bills was designed as the act of the corporation or as the act of the individual, it was competent to resort to parol proof to show which was intended. The court said, " The question is not what is the true construction of the language of the contracting party, but who is the contracting party; Whose language is it? And

the evidence is not adduced to discharge the agent from a personal liability which he has assumed, but to prove that in fact he never incurred that liability; not to aid in the construction of the instrument, but to prove whose instrument it is. The court held the evidence admissible, citing Mechanics Bank v. Bank of Columbia, as laying down the true rule in such cases.

Maryland. In Haile v. Pierce, 32 Md. 327, the instrument was as follows:

"$1,000.                    BALTIMORE COUNTY, Aug. 8, 1865.

Four months after date, we, the president and directors of the Dunlaney's Valley Sweet Air Turnpike Company, promise to pay William F. Pierce, or order, one thousand dollars, for value received.

        (Signed)        CHARLES F. HALE, President.
                        J. N. HENDERSON, Director.
                        JOSEPH G. DANCE.
                        EDWARD R. SPARKS, Sec'y."

Explanatory evidence was held admissible, the court stating the doctrine thus: Where individuals subscribe their proper names to a promissory note, *prima facie* they are personally liable, though they add a description of the character in which the note is given; but such presumption of liability may be rebutted, as between the original parties, by proof that the note was in fact given by the makers as agents, with the payee's knowledge. Stewart, J., said: "The terms of the note, upon its face, being ambiguous and uncertain as to the fact whether appellants did sign it in their individual or official capacity, and as relevant and extraneous proof might aid in the solution of the question, it was competent for either party to show by any pertinent extraneous evidence on what account the note was given, and whether on the credit of the company or upon the individual responsibility of the appellants, as the joint makers thereof, for the purpose of proving or tending to prove the true character and purport of the note. This could not vary or contradict the instrument, but might be explanatory of its meaning where otherwise it would be unintelligible."

La Salle National Bank of La Salle v. Tolu Rock and Rye Co.

Virginia.   In Richmond, Fred'g and Potomac R. R. Co. v. Snead et al., 19 Gratt. 354, the note read:

"$484.                                RICHMOND, May 31, 1856.

Due Joseph H. Snead and Benjamin E. Smith, four hundred and eighty-four dollars in full, of labor performed on cottage lot of the railroad company, the same payable on demand.                              (Signed)   ED. ROBINSON."

It was held that it being uncertain on the face of the instrument, whether it was designed to acknowledge a debt due by Robinson, individually, or by the company whose president and agent he was, parol evidence was admissible to show which was intended.   See also, Early v. Wilkinson, 9 Gratt. 68.

Alabama.   In Lazarus v. Shearer, 2 Ala. N. S. 718, a draft was drawn payable to the order of Lazarus, signed Andrew A. Dexter, Chf. Eng. S. & T. R. R. Co., and directed to Gilbert Shearer, Prest. of the Selma and Tennessee Railroad Company. Suit was brought by the payee against Shearer, individually, as acceptor of the draft.   The plaintiff having offered in evidence the draft with the acceptance thereon, the defendant, against the objection of the plaintiff, was allowed to prove by the drawer that the bill was drawn by him on the defendant, as president of the railroad company, and that the payee of the bill was apprised by the drawer, that it was intended to be drawn upon the defendant as such president, and not in his private capacity.   The Supreme Court held the evidence competent, saying: " When it it is doubtful from the face of the contract, whether it was intended to operate as the personal engagement of the party signing it, or to impose an obligation upon some third party as principal, parol evidence is admissible to show the true character of the transaction," citing and quoting at length from Mechs. Bank v. Bank of Alexandria, and Brockway v. Allen, 17 Wend.   The rule as stated in this case is qualified, as also in the other cases, to the effect that such evidence would not be admissible as against the rights of a *bona fide* indorsee of negotiable paper without notice.   This case has been uniformly followed in that State.   See May v. Hewitt, 3 Ala. 161, and cases cited.

Kentucky. In Owings v. Grubbs, 6 J. J. Marsh 31, the note was

"STATE FURNACE, March 16, 1830.

Due Richard H. Owings, seventy-seven dollars and two cents, for value received, as witness my hand,

(Signed)          for Thomas D. Owings,

JAMES GRUBBS."

Parol evidence was admitted to show that Grubbs was the manager of Owings' works, and that he executed and delivered the note as the obligation of Owings. This ruling was approved by the Supreme Court. To the same effect is Webb v. Burke, 5 B. Mon. 51, where Owings v. Grubb is approved.

Missouri. In McLellan v. Reynolds, 49 Mo. 312, the note was as follows: "For value received, I promise to pay A. & B. $645 for building a school-house in Dist. No. 3, etc., with interest at ten per cent. (Signed) P. T. Reynolds, Local Director."

In a suit by the payee against Reynolds, individually, it was held that parol evidence was admissible to show that it was not intended to be the note of Reynolds, but the note of the district. To the same effect is Smith v. Alexander, 31 Mo. 193; Shuetz v. Bailey, 40 Mo. 69; Musser v. Johnson, 42 Mo. 74.

Mississippi. In Hardy v. Pilcher, 57 Miss. 17, the draft was, "On the first day of December next, please pay to J. S. Pilcher, or bearer, four hundred dollars, and charge the same to my account. To Wm. S. Bolling. (Signed) H. W. Hardy." Written across the face "Accepted, Wm. S. Bolling, agent of W. H. Hardy."

Suit was brought by Pilcher, the payee of the draft, against Hardy, as drawer. Chalmers J., said, "Ordinarily, no extrinsic evidence of any kind is admissible to vary or explain negotiable instruments. Such paper speaks its own language and the meaning which the law affixes to it can not be changed by any evidence *aliunde*. One of the few exceptions to this rule is, where anything on the face of the paper suggests a doubt as to the party bound, or the character in which any of the signers has acted in affixing his name; in which

case testimony may be admitted between the original parties to show the true intent. Thus where one has signed as agent of another, while the *prima facie* presumption is that the words are merely *descriptio personœ*, and that the signer is individually bound, yet it may be shown in a suit between the parties that it was not so intended, but that on the contrary, the true intention was that the payee should look to the principal, whose name was disclosed in the signature of his agent, *or who was well known to be the true party to be bound*," citing Mechs. Bank v. Bank of Columbia, and other cases above referred to.

Colorado. In Hagar v. Rice, 4 Col. 90, two drafts were drawn, payable to the order of Rice, and were signed Boulevard and Sloan Steam Navigation Company, by Wm. Anderson, Prest. They were addressed to F. D. Hagar Treas., and accepted by him by writing across the face of the bill, "F. D. Hagar, Treas." In a suit by the payee, Rice, against Hagar, individually, the latter pleaded that he was the treasurer of the company; that he was authorized, and it was his duty as such treasurer, to pay out moneys in his hands belonging to the company, on its order, and to accept as its treasurer, by the name and style of F. D. Hagar, Treas., all orders or bills of exchange drawn by said company on its treasurer, and to pay the same when due, of all which the plaintiff had notice, and that to the knowledge of the plaintiff, the defendant accepted the same as treasurer, and not otherwise. The Supreme Court, reversing the judgment below for the plaintiff on sustaining a demurrer to the plea, said: "When there is a latent ambiguity, as between the original parties to a bill of exchange and others affected with notice, especially when the name of the principal is in some manner disclosed upon the face of the instrument, we deem the rule to be that the real nature of the transaction may be investigated."

Connecticut. In Hovey v. Magill, 6 Conn. 680, suit was brought by Hovey, payee of a promissory note, signed by the defendant as follows: "Arthur W. Magill, agent for the Middletown Manufacturing Company." It was held by a

majority of the court, five of the judges concurring with the chief justice, and three dissenting, that the defendant was not liable individually, 'evidence being admitted to show that he was the duly appointed agent of the company, and that he had been in the habit of signing notes in the same manner with the knowledge of the company, and which the company had regularly paid. To the same effect is Shelton v. Darling, 2 Id. 435.

Massachusetts. In Mann v. Chandler, 9 Mass. 337, the notes sued on were signed, " Gardner S. Chandler, Treasurer, Dorchester Turnpike Corporation." Suit was brought by the payee of the notes against Chandler, seeking to charge him personally. Proof was received to show that he was treasurer of the company, and as such was duly authorized to execute the notes in question, as the company's obligations. Upon a case reserved, the Supreme Court held that under the facts shown, the defendant was not liable. See also, to the same effect Dawes v. Jackson, 9 Mass. 490. It may seem at first blush that these cases are at variance with other Massachusetts decisions, but it will be found upon examination, that there is no necessary conflict between them, as the latter were for the most part decided upon the face of the instruments, no explanatory evidence being offered.

In Illinois the precise question involved in the present case does not appear to have received special consideration.

In Powers v. Briggs, 79 Ill. 493, the defendants had signed two promissory notes describing themselves as trustees of the Seventh Presbyterian Church. On the trial, evidence was admitted, over the plaintiff's objection, showing that at the time the notes were executed the defendants were trustees of the church, and that the notes were given for the difference in value on exchange of church organs. There was a judgment for the defendants, which the Supreme Court reversed on the double ground that the notes upon their face appeared to be the individual obligations of the defendants, and that the parol evidence was insufficient to show that the plaintiff was giving credit to the corporation, or that he knew the defendants intended by the notes he should do so. The court ex-

La Salle National Bank of La Salle v. Tolu Rock and Rye Co.

pressly declined to pass upon the question as to the admissibility of the parol evidence.

In Hypes v. Griffin, 89 Ill. 134, no reference is made to the effect of an ambiguity as bearing upon the admissibility of parol explanatory evidence. The signers of the note there had affixed nothing to their names indicating that they were acting in a representative character, and the court seem to have treated the paper as being on its face only their personal undertaking, with nothing to suggest a doubt that it was so intended. The court, however, in one portion of the opinion, says: " It seems to be settled, so far as there is any well defined rule on this subject, that where a party signs his name as cashier or agent for a banking, railroad or other corporation, in drawing drafts or bills, or in accepting drafts or other evidence of indebtedness in its ordinary business, if it appears it was the obligation of the corporation, and the agent had authority to bind it, he will not be personally liable, and the facts may be shown by extrinsic evidence."

It is said in some of the cases that the ambiguity is to be regarded as a latent rather than a patent one, while in others, treating it as a patent ambiguity, it is held to constitute an exception to the rule excluding parol evidence in constructing written instruments. 40 Mo. 312; 6 J. J. Marsh 31; 6 Col. 90. But upon whatever ground it may be placed, the rule admitting such evidence under the circumstances stated, is too firmly established to be disregarded. A *bona fide* indorser for value before maturity of commercial paper, has the right to rely upon what appears upon its face, as otherwise he might be taken by surprise, and be misled to his injury. But there can be no surprise where a note or bill is taken or accepted with knowledge that the person executing it acts only in a representative capacity, as the authorized agent of a known principal, intending to bind, not himself, but such principal. The promisee in such case gets precisely what he bargains for, to wit, the obligation of the principal, and not of the agent; and the law is not so unreasonable as to permit him afterward to say to the agent, " This appears on its face to bind you personally, and therefore you shall pay it."

We are aware that decisions are found in which the ruling, in Mechanics Bank v. Bank of Columbia, has been criticised but such criticisms seem to have been placed, for the most part, though not always, on the ground that the instrument upon its face did not purport to be executed in a representative capacity, or that it was free from ambiguity, and therefore not open to explanation by extrinsic evidence.

In the light of the foregoing and other authorities of like import, as well as upon principles of reason and justice, we think it may be laid down as the true rule that where there is an ambiguity on the face of an instrument which purports to be executed in some representative capacity, rendering it doubtful whether the person signing means to bind himself, or only to bind a corporation or body of which he is the authorized agent, parol evidence is admissible, as between the parties, to prove extrinsic circumstances by which the respective liability of the principal or agent may be determined, especially in cases where the intention to bind the one or the other was known to the person accepting the instrument at the time of accepting it.

Our conclusions are (1) that the court erred in rejecting the parol evidence offered in connection with the draft, and (2) that the draft and parol evidence taken together were sufficient to make a *prima facie* case for the plaintiff.

For the reasons indicated the judgment of the court below is reversed and the cause remanded for a new trial.

Reversed and remanded.