HARRIET CHANEY

V.

THE HOME, FRONTIER AND FOREIGN MISSIONARY SO-
CIETY OF THE UNITED BRETHREN IN CHRIST.

*Wills—Construction—Joinder of Wife—Sec. 2, Chap. 148, R. S.—Evidence—*Res Gestæ.

1. A will signed by a husband and wife, the latter signing merely to show her consent to the disposition of property thereby made, is the will of the husband alone.

2. In making the proof required to establish the validity of a will, it is proper to show all that transpired at the time of its execution. The acts and declarations of the parties participating are admissible as of the *res gestæ.*

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Coles County; the Hon. JAMES F. HUGHES, Judge, presiding.

Messrs. F. K. DUNN and S. M. LEITCH, for appellant.

Mr. HORACE S. CLARK, for appellee.

WALL, J. The appellee presented to the County Court for probate, as the last will of Samuel Rix, deceased, the following instrument in writing:

"CHARLESTON, ILL., August 14, 1885.

" We give and bequeath to the Home, Frontier and Foreign Missionary Society of the United Brethren in Christ,

organized by the general conference of said church, May 20, 1853, and incorporated in Butler county, Ohio, September 23, 1854, the sum of one thousand dollars ($1,000), and the receipt of the treasurer of the society shall be a sufficient discharge thereof to my executors and administrators.

"SAMUEL RIX,

"Attest:                              "ELIZABETH RIX."

" SAMUEL MILLS,
                                    her
" ELIZABETH N. ☒ BROWN."
                  mark.

Probate was refused by the County Court and an appeal was taken to the Circuit Court, where, at the hearing, it was admitted by the parties (and the admission was taken in lieu of the formal proof) that the said Samuel Mills and Elizabeth Brown would each testify that said Samuel Rix signed the writing in their presence on the 14th day of August, 1885, he then being of full age and of sound mind and memory and under no constraint, and that they attested the writing at his request and in his presence, and in the presence of each other. It was also admitted that the said Samuel Rix and his wife, Elizabeth Rix, whose name is signed under his, were members of the church of the United Brethren in Christ; that they had no children; that Samuel died in August, 1886, leaving as his only heirs, his wife, Elizabeth, and his sister, Harriet Chaney, the appellant, leaving property, real and personal, worth $4,000, and that said Elizabeth had no property of her own. It was further admitted in lieu of formal proof, that said Elizabeth and the attesting witnesses, Mills and Brown, would testify that she, the said Elizabeth, signed said writing at the time it was signed by the said Samuel at his request, for the purpose of showing her willingness that he should make the bequest, and that she signed it for no other purpose. This evidence was objected to by the appellant, but was admitted by the court, and upon consideration of the facts it was found by the court that the writing produced was the last will and testament of the said Samuel Rix, and the same was admitted to probate accordingly.

The record is brought to this court by the appellant and error is assigned upon the ruling and judgment of the Circuit Court.

By our Statute of Wills, Chap. 148, Sec. 2, it is provided that all wills, testaments and codicils, whereby any property, real or personal, is devised, shall be reduced to writing and signed by the testator or by some person in his presence and by his direction, and attested in the presence of the testator, by two or more witnesses, two or more of whom declaring on oath or affirmation that they were present and saw the testator sign the same in their presence, or that he acknowledged the same to be his act and deed, and that they believed him to be of sound mind and memory at the time of signing or acknowledging, shall be sufficient proof of the execution of the instrument to admit the same to record.

The mere production of the paper with the signature of the testator is not enough. The witness must attest in the presence of the testator, and the will must have been signed by him or acknowledged to be his act and deed in their presence. These proofs are necessary to establish the validity of the will. In making this necessary proof, all that transpired on the occasion may properly be shown as part of the *res gestæ*. This will, of course, include the act and declaration of every person who participated in what was there done, and inevitably, the true relation of every such person will be made known. It will thus be ascertained who was the testator whose act and deed is the paper produced.

In this case it appeared that the deceased, Samuel Rix, executed the will in the presence of the two witnesses, and that they thereupon attested in his presence, and, while the name of his wife Elizabeth was also subscribed, it was not done in execution of the paper, nor did they attest as to her signature. On the contrary, it appears as part of the *res gestæ* that there was no purpose or intention on her part to sign as a testator. We see no difficulty in the admission of the proof, and it being admitted, the conclusion reached by the court was unavoidable.

It thus clearly appeared that the instrument was executed by Samuel Rix and by no one else. There is nothing in this

to contradict or impair the terms of a writing by parol. It is simply this: that in making the necessary proof as to execution of the paper, it is shown by competent evidence that Samuel Rix alone made the will.

It is unnecessary to consider the question discussed by counsel, whether two or more persons may make a joint will, or what would be the effect of such a will, or how it should be proved. 1 Redfield on Wills, 182. Nor is it necessary to support the position by reference to the supposed analogy of cases where it is competent to prove that one of several joint makers of an obligation is a surety merely, or of cases where it is competent to show that one signing in a representative capacity intended to bind, not himself, but the body or corporation represented by him. La Salle Nat. Bank v. Tolu, etc., Co., 14 Ill. App. 141.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*