## H. S. Tenbrook et al. v. James Ellars and John Ellars, Adm'rs.

PROMISSORY NOTES—*Certain Individuals Held to be the Makers of a Promissory Note.*—The following note—
" $350.00.                    SADORUS, ILL., July 30, 1891.

One year after date we promise to pay to the order of William Ellars three hundred and fifty dollars, payable at Sadorus, Illinois, with interest at five per cent per annum from date until paid. Value received.

Signed by Trustees of I. O. O. F. Lodge No. 738, of Sadorus.

> H. S. TENBROOK,
> A. M. GOUDIE,
> AARON COX,
> H. KELLEY,
> BURT BROWN "—

is the note of the individuals signing it and the words trustees of I. O. O. F. Lodge No. 738, of Sadorus, are merely descriptive.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

J. L. RAY and CHARLES F. MANSFIELD, attorneys for appellants.

ROY WRIGHT, attorney for appellees.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This is an action in assumpsit brought by appellees against the appellants upon a promissory note, of which the following is a *haec verba* copy, as appears from the abstract, viz.:

" $350.00.                    SADORUS, ILL., July 30, 1891.

One year after date we promise to pay to the order of William Ellars three hundred and fifty dollars, payable at Sadorus, Illinois, with interest at five per cent per annum from date until paid. Value received.

Signed by trustees of I. O. O. F. Lodge No. 738, of Sadorus.

> H. S. TENBROOK,
> A. M. GOUDIE,
> AARON COX,
> H. KELLEY,
> BURT BROWN."

The question raised upon the record in this case is whether the appellants are bound in their individual capacity on the note sued on.

From the body of the note the undertaking appears to be a personal one. The language used is " we promise to pay," etc., which indicates a personal liability and is inconsistent with the idea of corporate liability as claimed by appellants. The name of appellants are signed to the note with nothing added showing they signed the instrument in a corporate capacity. On the left-hand corner of the note, and remote from the names of appellants, are these words, letters and figures:

" Signed by trustees of I. O. O. F. Lodge No. 738, of Sadorus."

They are in no way connected with the signatures to the note. Even if they were the court would not take judicial notice that "I. O. O. F." meant " Independent Order of Odd Fellows." This is only descriptive of the persons, and extrinsic evidence can not be admitted to show what the parties intended.

We therefore hold the note sued on is the individual undertaking of appellants. Powers v. Briggs, 79 Ill. 493; The New Market Savings Bank v. Gillet, 100 Ill. 254; Little, Adm'r, v. Bailey, 87 Ill. 239; Hypes v. Griffin, Adm'r, 89 Ill. 134; Scanlan v. Keith, 102 Ill. 634; Waugh v. Suter et al., 3 Ill. App. 271; LaSalle National Bank v. Tolu, Rock and Rye Co., 14 Ill. App. 141.

The judgment of the court below will be affirmed.